624 A.2d 75

IN THE MATTER OF KENNETH P. TAVANI, FIREFIGHTER,
ASHLAND FIRE DISTRICT, VOORHEES TOWNSHIP,
M4781M.

Superior Court of New Jersey
Appellate Division

Argued March 30, 1993—Decided April 29, 1993.

Before Judges DREIER and SKILLMAN.

*Steven S. Glickman* argued the cause for appellant Ashland Fire District, Voorhees Township (*Ruderman & Glickman*, attorneys; *Mr. Glickman*, of counsel and on the brief).

*Richard K. Tavani* argued the cause for respondent Kenneth P. Tavani (*Ganesh Bala*, attorneys; *Mr. Tavani*, on the letter brief).

*Elizabeth M. Laufer*, Deputy Attorney General argued the cause for respondent Merit System Board (*Robert J. Del Tufo*, Attorney General, *Mary C. Jacboson*, Deputy Attorney General, of counsel; *Ms. Laufer*, on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

The Ashland Fire District in Voorhees Township appeals from a determination of the Merit System Board that Kevin Dunn and Mark Lafferty were not "grandfathered" into permanent positions of firefighters by reason of their prior service as volunteer firefighters in the District. The challenge to Dunn's and Lafferty's status had been initiated by petitioner, Kenneth P. Tavani, who has also taken an appeal from a related decision of the Merit System Board refusing to determine whether Dunn and Lafferty were disqualified from taking a competitive examination for the firefighter positions by reason of their non-residence in the District. Since neither Dunn nor Lafferty took a make-up competitive examination scheduled for them after it was determined that they were not grandfathered into the positions, the Merit System Board found Tavani's petition to be moot. We consolidate the two appeals for the purpose of this decision.

Prior to September 6, 1989, the Ashland Fire District in Voorhees Township was served by a completely volunteer fire company. At the September 6, 1989 monthly meeting of the District's Board of Fire Commissioners, it adopted a resolution creating two paid positions, one for a Fire Suppression Specialist/EMT (firefighter), and another for a Fire Chief. The Board had adopted an earlier resolution creating two firefighter positions, but this earlier resolution was rescinded at the meeting. (We have not been informed how the second paid firefighter position was authorized, but all parties seem to have assumed that there was such authorization).

Following the October 4, 1989 meeting of the Commissioners, the positions were posted for application and Tavani, Dunn and Lafferty, among others, applied. In addition, Steve Nardello applied for and was appointed to the position of Fire Chief, which he had held for several years on a volunteer basis. Dunn and Lafferty received the firefighter positions as of November 27, 1989.

The Merit System Board determined that by creating the paid positions, the District came under the jurisdiction of the Civil Service Act, *N.J.S.A.* 11A:1-1 *et seq.* (Voorhees Township is a Civil Service jurisdiction.) The new positions were thus subject to the testing provisions of the Act, 11A:1-2, 4-1 to 4-16, unless exempted by the grandfather provisions which are applied upon a jurisdiction's entry into the Merit System. *N.J.S.A.* 11A:9-9 reads:

> Any employee of a political subdivision who, at the time of adoption of this title, was actively employed by the political subdivision continuously for a period of at least one year prior to the adoption of this title, ... and who comes within the career service, shall continue to hold such position, and shall not be removed except in accordance with the provisions contained in this title.

On September 28, 1990, the Board of Fire Commissioners certified to the Department of Personnel that Nardello, Dunn and Lafferty all have "been employees of the Board of Fire Commissioners, Voorhees Fire District # 1 since 1986", thus ostensibly satisfying the one-year requirement of the statute. The Depart-

ment of Personnel responded to this certification and the "Duties Questionnaires" completed by the employees, and found that Nardello, Dunn and Lafferty were entitled to be grandfathered into permanent status and thus were not required to take the competitive examination.

In August 1990, the competitive examination was announced. Tavani and others applied and took the examination. Nardello, Dunn and Lafferty did not, since they were already classified as permanent employees. Tavani ranked seventh on a list of seven.

On July 8, 1991, Tavani appealed to the Department of Personnel, challenging the classification of Nardello, Dunn and Lafferty as permanent employees. On November 15, 1991 the Merit System Board issued a final decision determining that Dunn and Lafferty had been improperly classified, since they were not "in active service and [on] the regular payroll" of the District for at least one year prior to the District coming under the jurisdiction of the Civil Service Act. They were therefore reclassified as "provisional pending open competitive procedures." The Board specifically determined that Tavani's appeal was not out of time.

Since Nardello, Dunn and Lafferty had not filed for the competitive examinations, the Merit System Board determined that they should be afforded an opportunity to take make-up examinations for their respective positions.[1] Dunn and Lafferty still serve in the paid positions as provisional employees, with the balance of the certification process stayed until the decision on this appeal.[2] The make-up examination was scheduled for Dunn and Lafferty, but as noted above, neither appeared.

---

[1] This appeal relates solely to the firefighter position, since the Chief's examination has not been held to this date.

[2] Tavani has argued that the Board should have taken definite action concerning the list notwithstanding this appeal because the status of those on the list can be prejudiced in the interim. We do not see this as a problem. We have been assured by the Board that whatever the outcome of this appeal, no one on the list will be adversely affected.

Tavani also has challenged their residence within the District. But, if Dunn and Lafferty were not employed by the District for the year prior to the Civil Service certification, they had no right to a permanent employment, much less the provisional status they now hold. The residence issue is therefore irrelevant. If they were properly appointed initially, they need not continue to be residents; if their initial appointment was improper, their failure to take the examination deprives them of any right to continued employment.

■ We approach our review of the Board's two decisions according the Board's actions a presumption of reasonableness. *Smith v. Ricci*, 89 *N.J.* 514, 525, 446 *A.*2d 501, *appeal dismissed*, 459 *U.S.* 962, 103 *S.Ct.* 286, 74 *L.Ed.*2d 272 (1982). We will not reverse the action of the Board unless it was "arbitrary, capricious or unreasonable or it [was] not supported by substantial credible evidence in the record as a whole." *Henry v. Rahway State Prison*, 81 *N.J.* 571, 579–580, 410 *A.*2d 686 (1980). We give a special deference to the agency's actions where the agency has interpreted the statutory scheme for which it is responsible. *Thermographic Diagnostics, Inc. v. Allstate, Ins. Co.*, 125 *N.J.* 491, 516, 593 *A.*2d 768 (1991).

■ We first uphold the Board's determination that Tavani's challenge was timely. The Fire District contends that Tavani was an "interested party" and had a duty to keep abreast of the circumstances surrounding the positions. According to the District, the time for Tavani's appeal commenced running either on October 18, 1990 (when the District received notification of Nardello's, Dunn's, and Lafferty's permanent classifications), or on November 16, 1990, the closing date for applications to take the firefighter examination. *N.J.A.C.* 4A:2–1.1(b) states:

[u]nless a different time period is stated, an appeal must be filed within 20 days after either the appellant has notice or should reasonably have known of the decision, situation or action being appealed.

■ In resolving the time limit issue in favor of Tavani, the Board concluded that "the record is unclear as to the date

appellant had notice or should reasonably have known that the Regional Administrator's decision was based on alleged erroneous information submitted by the appointing authority. As a result, the appellant should be entitled to have the merits of his case addressed." The agency's actions are strongly presumed to be reasonable, and the burden is on the challenging party to show that the actions were unreasonable. *Smith v. Ricci, supra,* 89 *N.J.* at 525, 446 *A.*2d 501. As there was no showing that Tavani knew of the representations that the District had made to the Personnel Department, forming the basis for the permanent classification decision, the Board's conclusion concerning timeliness is not unreasonable.

The central issue in this case is whether *N.J.S.A.* 11A:9–9 was satisfied by the earlier volunteer status of Nardello, Dunn and Lafferty. More particularly, the issue is whether these volunteers were "actively employed" and thereafter continued to hold "such position." Is a volunteer firefighter position the same as a paid firefighter? There is no question that prior to the creation of the paid positions, Nardello, Dunn and Lafferty were not paid regular salaries. They were, however, covered by Workers' Compensation, given life insurance, and were reimbursed for training courses, fire drills and fire calls, all as specifically permitted by statute, notwithstanding their "volunteer" status.

The predecessor statute to *N.J.S.A.* 11A:9–9, *N.J.S.A.* 11:21–5.2, provided a grandfather status to one who "was in the active service of said municipality and was on the regular payroll thereof" for at least one-year prior to the adoption of the Civil Service Act by the municipality. *See Loboda v. Township of Clark,* 74 *N.J.Super.* 159, 180 *A.*2d 721 (Law Div.1962), *aff'd* 40 *N.J.* 424, 193 *A.*2d 97 (1963). The "active service" and "regular payroll" standard apparently is still applied by the Merit System Board in its interpretation of *N.J.S.A.* 11A:9–9.

There is no legislative history indicating that the Legislature in its extensive revision of the Civil Service Act in 1986 (*L.*1986, c. 112), intended to enlarge the definition of "employee." The Civil

Service Act through its many revisions carries out the New Jersey constitutional purpose that public service positions be filled according to individual merit and fitness, demonstrated as far as practicable through a competitive examination process. *N.J. Const.* art VII, § 1, ¶ 2. The grandfathering provision of *N.J.S.A.* 11A:9–9 and its predecessor are exceptions to this scheme. They were intended to provide stability to existing governmental functions when a jurisdiction initially enters the Civil Service System and to provide protection to individual career employees. However, the grandfathering provision, in derogation of the overall purpose of the Act, should be construed restrictively in order to give the Act the intended broad application.

If the District is correct and Nardello, Dunn and Lafferty were entitled to the paid positions, then all other volunteers who had worked at least a year would be similarly entitled. They would be deemed already to have been in an employment relationship with the District, as would all of the current volunteers. The District's proposed construction of *N.J.S.A.* 11A:9–9 would have revolutionary implications. These volunteer "employees" might be entitled to compensation in accordance with State and federal minimum wage laws, to payments for overtime in accordance with the federal Fair Labor Standards Act, to enrollment in the Public Employees Retirement System and other insurance plans, to protection under the New Jersey Public Employees' Occupational Safety and Health Act, *N.J.S.A.* 34:6A–25 *et seq.* They might also have the right to engage in collective negotiations pursuant to the Employer–Employee Relations Act, *N.J.S.A.* 34:13A–1 *et seq.* If all of these volunteers are in fact "employees," their dismissal from service would have to be accomplished in accordance with the relevant provisions of the Civil Service Act. Without any history indicating that the change in language of the Act upon adoption of *N.J.S.A.* 11A:9–9 was intended to have such far-reaching impact, we prefer to adopt the Board's interpretation of the Act as continuing the standards of *N.J.S.A.* 11:21–5.2. We affirm the Board's determination that Dunn and Lafferty were not grandfathered into regular paid positions with permanent status.

With regard to Tavani's appeal, we also agree with the Board that fairness dictated that Dunn and Lafferty have an opportunity to take a make-up examination, and that the certification of the firefighter list be stayed until this could be accomplished. In view of our determination that the Board properly required Dunn and Lafferty to take the examination, and in view of their later failure to sit for the test, Tavani's appeal from the Board's refusal to pass upon Dunn and Lafferty's resident status is moot.

On the District's appeal, A–2109–91T3, we affirm the Board's determination in all respects. On Tavani's appeal, A–4979–91T3, we dismiss the appeal as moot.