22 A.3d 958

IN THE MATTER OF NICHOLAS R. FOGLIO,
FIRE FIGHTER (M2246D), OCEAN CITY.

Argued March 1, 2011—Decided July 19, 2011.

---

*Carl N. Tripician* argued the cause for appellant Nicholas R. Foglio.

*Todd A. Widger* argued the cause for respondent Civil Service Commission (*Paula T. Dow*, Attorney General of New Jersey, attorney; *Andrea R. Grundfest*, Deputy Attorney General, on the letter brief).

Justice LONG delivered the opinion of the Court.

The New Jersey Constitution prescribes that Civil Service appointments "shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive." *N.J. Const.* art. VII, § 1, ¶ 2. The Civil Service Act, *N.J.S.A.* 11A:1–1 to 12–6, and the regulations promulgated thereunder, *N.J.A.C.* 4A:4–1.1 to 7.12, in turn, implement those merit and fitness principles. In furtherance of that goal, when an appointing authority [1] chooses, under *N.J.S.A.* 11A:4–8, the so-called Rule of Three, to bypass a candidate who ranked higher on a competitive examination, it must report to the Department of Personnel (DOP) why it did so. *N.J.A.C.* 4A:4–4.8(b)(4). The purpose for the report is to assure that the appointing power was not exercised arbitrarily and to provide a basis for review.

---

[1] An appointing authority is "a person or group of persons having power of appointment or removal." *N.J.A.C.* 4A:1–1.3.

In this case, a candidate for the position of firefighter was bypassed for appointment in favor of two lower-ranked candidates. The reason advanced by the appointing authority was that the lower-ranked eligibles "best meet[ ] needs of Department." The candidate challenged the sufficiency of the reason, which was upheld both administratively and by the Appellate Division, a conclusion with which we disagree.

The required statement of reasons is the appointing authority's explanation why the higher-ranked candidate was passed over and why that decision did not violate merit and fitness principles. Where, as here, the reason advanced was boilerplate, equally applicable to any bypass case and utterly lacking in specific explanatory language, it was not sufficient to satisfy the appointing authority's reporting obligation. We therefore reverse and remand the case to the appointing authority for the issuance of a proper statement of reasons.

## I.

In 2007, the City of Ocean City (the City) sought to fill three vacant firefighter positions. On May 24, 2007, a list of eligible candidates for the positions was certified [2] by the Civil Service Commission (Commission) to the City, the appointing authority. Each candidate on the eligible list was ranked according to scores obtained on a competitive examination. Nicholas Foglio ranked second on that list.

At the time the list was certified, Foglio had served for eight years as a fireman/emergency medical technician (EMT) in multiple volunteer fire departments, logging over one-thousand total hours. He was licensed by the state as an EMT and received a number of state and county certifications in relevant skill sets, including confined space awareness, confined space operations, rope rescue, fire fighting, fire attack, and truck operations. Fog-

---

[2] A list is certified when it is "presented to an appointing authority for regular appointment." *N.J.A.C.* 4A:1–1.3.

lio was the only candidate on the eligible list with any prior firefighting experience and training.

On June 15, 2007, the City conducted interviews of Foglio and the other candidates. On July 11, 2007, the City appointed eligible candidates ranked first (a student-teacher), third (a bartender), and fourth (a lifeguard), bypassing Foglio.

In accordance with the provisions of *N.J.A.C.* 4A:4–4.8(b)(4), the City reported to the DOP that it had bypassed Foglio, a higher-ranked candidate, because the two lower-ranked eligible candidates "best meet[ ] needs of Department." [3]

Foglio appealed to the Division of Local Human Resources Management (LHRM), which determined that the City properly disposed of the certification pursuant to the Rule of Three articulated in *N.J.A.C.* 4A:4–4.8(a)(3), and provided a proper statement of reasons in compliance with *N.J.A.C.* 4A:4–4.8(b). In its letter, LHRM cited the statement to the DOP that the lower-ranked eligible candidates were appointed because they "best met the needs of the Appointing Authority."

Dissatisfied, Foglio sought review by the Commission. The Commission requested that the City submit a response. In its March 26, 2008, letter, the City asserted that Foglio "failed to offer any evidence to demonstrate that [the City] failed to properly exercise the '[R]ule of [T]hree.'" The City also asserted that it had exercised the discretion vested in it to bypass Foglio.

The Commission concluded that Foglio had failed to satisfy his burden to show by a preponderance of the evidence that the appointing authority's decision to bypass him was improper. In ruling, it observed that the appointing authority selected two lower-ranked eligibles because "they best met the needs" of the fire department. Because Foglio did not assert, much less prove, an unlawful motive, such as discrimination or political influence,

---

[3] Foglio subsequently met with the Ocean City Business Administrator who told him that he did not have the education for the position and his interview was "weak."

the Commission held that "the appointing authority's bypass of [Foglio's] name on the Fire Fighter (M2246D), Ocean City, eligible list was proper."

Foglio appealed, and the Appellate Division affirmed. The panel explained that, "[i]n the absence of a discriminatory motive, the appointing authority has the discretion to appoint any one of the top three candidates whom the public employer considers best suited to fill the position." A higher-ranked candidate may be bypassed "for any legitimate reason based upon the candidate's merit." Ultimately, a candidate who challenges the decision of an appointing authority bears the burden of submitting facts tending to show "improper motives," like "age or gender discrimination or anti-union animus." Because the instant record "contain[ed] no evidence of unlawful motive," the panel upheld the Commission's determination.

We granted Foglio's petition for certification. *In re Foglio,* 204 *N.J.* 39, 6 *A.*3d 441 (2010).

## II.

Foglio's essential argument is that the statement of reasons advanced by the City was inadequate and inconsistent with the New Jersey Constitution and the relevant Civil Service statutes and regulations. The Commission counters that the City complied with all required procedures, acted within its discretion in bypassing Foglio, gave a sufficient reason therefor, and that Foglio failed to sustain his burden of proving the Commission's actions were arbitrary or discriminatory.

## III.

The New Jersey Constitution prescribes that, "[a]ppointments and promotions in the civil service of the State, and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competi-

tive." *N.J. Const.* art. VII, § 1, ¶ 2; *see also N.J.S.A.* 11A:1–2(a) ("It is the public policy of this State to select and advance employees on the basis of their relative knowledge, skills and abilities.").

The merit and fitness principles underlying that constitutional provision are implemented by the Civil Service Act and the regulations promulgated thereunder. *See N.J.S.A.* 11A:2–6(d) (granting Merit System Board power to "[a]dopt and enforce rules to carry out this title and to effectively implement a comprehensive personnel management system"). Those statutory and regulatory provisions establish the procedures by which merit-based appointments are to be made.

In the case of a vacancy, the Civil Service Act provides for an examination process. *N.J.S.A.* 11A:4–2. When an examination is announced, minimum qualifications for the position must be posted. *N.J.A.C.* 4A:4–2.1. After the examination, an eligible list is published ranking all passing candidates by score, with special ranking rules for veterans and for tie scores. *N.J.A.C.* 4A:4–3.2. That list remains in force for three years, although the Commission may extend or delay the date of its expiration. *N.J.A.C.* 4A:4–3.3(b). When an appointing authority requests a list of candidates for a vacant position, the Commission will issue a certification "containing the names and addresses of the eligibles with the highest rankings on the appropriate list." *N.J.A.C.* 4A:4–4.2(a). A complete certification consists of "three interested eligibles for the first permanent appointment, and the name of one additional interested eligible for each additional permanent appointment." *N.J.A.C.* 4A:4–4.2(c)(2).

No right accrues to a candidate whose name is placed on an eligible list. *In re Crowley,* 193 *N.J.Super.* 197, 210, 473 *A.*2d 90 (App.Div.1984) ("[A] person who successfully passes an examination and is placed on an eligible list does not thereby gain a vested right to appointment."). "The only benefit inuring to such a person is that so long as that list remains in force, no appointment can be made except from that list." *Ibid.* "[T]he best that can be

said" of a candidate on an eligible list is that he has "a right to be considered for appointment." *Nunan v. N.J. Dep't of Pers.*, 244 *N.J.Super.* 494, 497, 582 *A.*2d 1266 (App.Div.1990), *certif. denied,* 126 *N.J.* 335, 598 *A.*2d 892 (1991).

The Rule of Three, which governs the hiring discretion of the appointing authority, "permits an appointing authority to select one of the three highest scoring candidates from an open competitive examination." *Local 518, N.J. State Motor Vehicle Emps. Union v. Div. of Motor Vehicles*, 262 *N.J.Super.* 598, 603, 621 *A.*2d 549 (App.Div.1993). The Rule of Three has governed the certification of candidates to the appointing body as well as the appointing body's hiring discretion for over a century. *See L.* 1908, *c.* 156, § 21. In its current form, the Rule of Three states:

> The commissioner shall certify the three eligibles who have received the highest ranking on an open competitive or promotional list against the first provisional or vacancy. For each additional provisional or vacancy against whom a certification is issued at that time, the commissioner shall certify the next ranked eligible. If more than one eligible has the same score, the tie shall not be broken and they shall have the same rank. If three or more eligibles can be certified as the result of the ranking without resorting to all three highest scores, only those eligibles shall be so certified.
>
> A certification that contains the names of at least three interested eligibles shall be complete and a regular appointment shall be made from among those eligibles. An eligible on an incomplete list shall be entitled to a provisional appointment if a permanent appointment is not made.
>
> Eligibles on any type of reemployment list shall be certified and appointed in the order of their ranking and the certification shall not be considered incomplete.
>
> [*N.J.S.A.* 11A:4-8.]

Under the Rule of Three, after a list of at least three candidates is certified, the appointing authority has the discretion to select from among the top three candidates in filling a vacancy. *N.J.S.A.* 11A:4-8; *see also N.J.A.C.* 4A:4-4.8(a)(3) ("Upon receipt of a certification, an appointing authority shall ... [a]ppoint one of the top three interested eligibles ([R]ule of [T]hree)...."); *In re Martinez*, 403 *N.J.Super.* 58, 72, 956 *A.*2d 386 (App.Div.2008) ("In essence, the appointing authority must select from one of the top three candidates ranked on the list.").

"The [R]ule of [T]hree recognizes employment discretion and seeks to ensure that such discretion is not exercised in a way inconsistent with 'merit' considerations." *Terry v. Mercer Cnty. Bd. of Chosen Freeholders*, 86 *N.J.* 141, 149–50, 430 *A.*2d 194 (1981); *see also Martinez, supra*, 403 *N.J.Super.* at 72, 956 *A.*2d 386 ("The dual legislative objectives served by the Rule are to ensure appointments based on merit as determined by competitive examinations while [still] affording the appointing authority some discretion to accommodate other merit criteria." (quoting *Gallagher v. Mayor & Council of the Town of Irvington*, 190 *N.J.Super.* 394, 399, 463 *A.*2d 969 (App.Div.1983) (emphasis omitted) (internal quotation marks omitted))). The purpose of the Rule of Three is to limit, but not to eliminate, discretion in hiring. *Commc'ns Workers of Am. v. N.J. Dep't of Pers.*, 154 *N.J.* 121, 129, 711 *A.*2d 890 (1998); *Terry, supra*, 86 *N.J.* at 149, 430 *A.*2d 194. While ensuring that competitive examinations winnow the field of candidates, the Rule of Three does not stand as "an immutable or total bar to the application of other important criteria" by a government employer. *Terry, supra*, 86 *N.J.* at 150, 430 *A.*2d 194.

██ Once the appointing authority exercises its discretion and selects the candidate(s), the regulations promulgated by the Commission require that it file a report with the DOP. *N.J.A.C.* 4A:4–4.8(b). If the appointing authority chooses to bypass a higher-ranked candidate, it "remains bound," *Commc'ns Workers, supra*, 154 *N.J.* at 129, 711 *A.*2d 890, to provide a "statement of the reasons why the appointee was selected instead of a higher ranked eligible," *N.J.A.C.* 4A:4–4.8(b)(4). The purpose of that regulation is to guard "against favoritism and arbitrary actions by an appointing authority and facilitate[ ] administrative review by the DOP." *Local 518, supra*, 262 *N.J.Super.* at 605, 621 *A.*2d 549; 20 *N.J.R.* 1189 (June 6, 1988) ("The provision ensures that only merit and fitness are factors in appointments, and that no impermissible reason is used for bypassing an eligible on a list.").

██ The statement of reasons requirement has been embedded in the civil service selection process for over seventy years and is

now codified at *N.J.A.C.* 4A:4–4.8(b)(4).[4] Under that scheme, the appointing authority retains discretion to bypass a higher-ranked candidate "for any legitimate reason based upon the candidate's merit." [5] *In re Hruska*, 375 *N.J.Super.* 202, 210, 867 *A.2d* 479 (App.Div.2005); *see also Crowley, supra*, 193 *N.J.Super.* at 214, 473 *A.2d* 90 (appointing authority can bypass higher-ranked candidate for any "legitimate reason"). It is the required statement of reasons "why the appointee was selected instead of a higher ranked eligible" in *N.J.A.C.* 4A:4–4.8(b)(4) that assures that the appointment process was not exercised arbitrarily and that provides some basis for review.

A candidate who is bypassed has standing to challenge the hiring decision of the appointing authority, and may appeal to the Commission. *N.J.A.C.* 4A:2–1.1. The burden of proving unlawful, arbitrary, or capricious action is on the appellant. *N.J.A.C.* 4A:2–1.4(c).

█ Where a candidate is improperly removed from a list, or an appointing authority fails to consider a candidate as required under the Rule of Three, "[t]he appropriate remedy" is not appointment, but rather a direction to "the Commissioner of Personnel to add appellant's name to the certified list of eligibles

---

[4] The "statement of reasons" requirement first appeared in 1939. *See L.* 1939, *c.* 322, § 1. At that time, the statute was codified at *N.J.S.A.* 11:10–6.1. The requirement remained a part of the statute through the next two revisions. *L.* 1974, *c.* 160, § 3; *L.* 1947, *c.* 123, § 1. The statute was moved from Title 11 to Title 11A in 1986, and has not changed since. *See N.J.S.A.* 11A:4–11; *L.* 1986, *c.* 112, § 11A:4–11. The current version of the statute does not mention any requirement for a statement of reasons for bypassing a candidate. However, the statement of reasons requirement is now codified as part of the administrative code, *N.J.A.C.* 4A:4–4.8(b)(4).

[5] Bypassing a higher-ranked candidate for an improper motive is not a "legitimate reason." *E.g., Crowley, supra*, 193 *N.J.Super.* at 214, 473 *A.2d* 90. Examples of such motives include anti-union animus or discrimination based on characteristics like race, ancestry, or gender. *Terry, supra*, 86 *N.J.* at 147, 152, 430 *A.2d* 194 (discrimination on basis of sex prohibited); *Crowley, supra*, 193 *N.J.Super.* at 211–13, 473 *A.2d* 90 (discrimination on basis of anti-union animus prohibited). Such discriminatory motives have not been alleged in this case.

or to order [the Commissioner] to revive an expired list and add appellant's name." *Nunan, supra,* 244 *N.J.Super.* at 498, 582 *A.*2d 1266 (citations omitted).

However, where a candidate has proved actual discrimination on the basis of membership in a protected class, courts have imposed individualized, retroactive remedies such as mandatory appointments and back-pay. *E.g., Terry, supra,* 86 *N.J.* at 151–52, 430 *A.*2d 194 (remedial provisions of Law Against Discrimination constitute exception to appointing body's discretion under Rule of Three). In other words, the remedy is directly related to the nature of the impropriety. That is the backdrop for our inquiry.

## IV.

At issue here is not whether the appointing authority has the power to choose a lower-ranked candidate. Foglio properly concedes that that is permissible under the Rule of Three. Nor are we confronted with a specific claim of improper or discriminatory motive. Foglio also concedes that he does not know what precipitated the bypass. What is before us is the narrow question of whether the statement of reasons issued pursuant to *N.J.A.C.* 4A:4–4.8(b)(4) was adequate. We think it was not.

Our Constitution requires all appointment or promotion decisions be "merit and fitness" based, "as far as practicable" on competitive examination. *N.J. Const.* art. VII, § 1, ¶ 2. The competitive examination is the favored model because it provides an objective measure of the candidates' abilities. Where an appointing body chooses to bypass a candidate that ranked higher on a test, that decision is facially inconsistent with merit and fitness principles unless the appointing authority provides a statement of "legitimate" reasons for the bypass. *Hruska, supra,* 375 *N.J.Super.* at 210, 867 *A.*2d 479. Without those reasons, the DOP can have no certainty that the appointment process was not exercised arbitrarily and would have no basis for review.

■ That said, it is clear that the boilerplate advanced by the City as an explanation for the bypass here was inadequate insofar as it failed to provide any real enlightenment whatsoever as to why the bypass occurred. That is not to suggest that the statement of reasons need be lengthy or multifaceted to pass muster. What is wrong with "best meets needs of Department" is not its brevity, but its failure to reveal anything about the bypass decision. The City might just as well have stated: "we liked them better," an equally unrevealing explanation.

The required statement needs to address the reasons why a higher ranked candidate was bypassed. For example, the City might have relied on a preference for a college degree; or the performance of the applicants in the give-and-take of an interview; or on extraordinary character and employment references. Had Foglio been chosen over a higher-ranked eligible, the City could have pointed to his vast firefighting experience and training. Each of those reasons would have satisfied *N.J.A.C.* 4A:4–4.8(b)(4). The possibilities are endless—as varied as the candidates themselves. What is not permitted is the kind of conclusory, unrevealing statement issued in this case that did not explain the selection process or otherwise assure that the bypass of a higher-ranked candidate was not arbitrary.

■ In that respect, the Commission has expended much time and effort on the notion that Foglio has not borne his burden of proving that the bypass decision was arbitrary or discriminatory. That is putting the proverbial cart before the horse. It is the City that was obliged to provide a statement of legitimate "reasons why the appointee was selected instead of a higher ranked eligible." *N.J.A.C.* 4A:4–4.8(b)(4). In the absence of such reasons, the appointment is presumably in violation of the principles of merit and fitness, and it is the City that bears the burden of justifying its action.

We therefore reverse and remand the matter to the City for the production of a proper statement of reasons why the lower-ranked candidates were appointed instead of Foglio. *See Crowley, supra,*

193 *N.J.Super.* at 213, 473 *A.*2d 90 (ordering as remedy remand for plenary hearing). Thereafter, Foglio may pursue his appeal before the Commission and seek to prove that the appointing body acted arbitrarily.

## V.

The judgment of the Appellate Division is reversed. The matter is remanded to the City for proceedings consistent with the principles to which we have adverted.

Justice LaVECCHIA, dissenting.

I respectfully dissent because I believe the majority has introduced a new rigidity to the operation of the "Rule of Three," *see N.J.S.A.* 11A:4–8, undermining its role in affording appointing authorities discretion to appoint from among the top three persons certified as eligible for appointment to a civil service position. Indeed, the majority and I have different views as to the nature of the Rule of Three and the manner in which it is to be implemented. Whereas I see the Rule of Three as a legislative mechanism that fundamentally enables a practicable scheme of merit-based appointments, the majority views the discretion inhering to the Rule as an intrusion on merit and fitness principles that requires particularized justification in each case.

The majority assumes that an appointing authority must have some justifiably valid reason for not choosing the highest or higher ranked of the top three certified individuals in the precise order of their ranking, and further believes that an unsuccessful, passed-over candidate has the right to demand an explanation in every instance. Both positions represent a change in emphasis in the law that is neither in keeping with case law addressing the Rule of Three's operation, nor consistent with our normal deference to the administrative agency charged with the general administration of the civil service appointment process and specifically responsible for supervision of appointment determinations. *See, e.g., In re Election Law Enforcement Comm'n Advisory Op. No. 01–2008*, 201 *N.J.* 254, 262, 989 *A.*2d 1254 (2010) (explaining that

"court[s] should give considerable weight to a state agency's interpretation of a statutory scheme that the legislature has entrusted to the agency to administer"); *In re Tavani*, 264 *N.J.Super.* 154, 158, 624 *A.*2d 75 (App.Div.1993) (noting that courts give "special deference to the agency's actions where the agency has interpreted the statutory scheme for which it is responsible").

More to the point, since this matter involves this Court's gloss on a statute and its requirements, the majority's outcome is at odds with the language and legislative history of the 1986 reform legislation that created the present Civil Service Act, the source of the present formulation of the statutory Rule of Three. The implementation now required by the Court is not that expressed by the Legislature when the current iteration of the Rule of Three was retained for use in the civil service appointment process.

The Rule of Three objectively winnows the field of candidates to those individuals demonstrating, through competitive examination, the highest levels of merit and fitness—the top three—and allows an appointing authority the means to exercise discretion to choose any of those three. An appointing authority that follows the Rule acts in a manner that is presumptively valid, and not presumptively arbitrary or capricious. *Cf. Bergen Pines Cnty. Hosp. v. N.J. Dep't of Human Servs.*, 96 *N.J.* 456, 477, 476 *A.*2d 784 (1984) (defining arbitrary and capricious actions as those that are "unreasonable or irrational"). Within the limited and channeled discretion afforded to it, an appointing authority may choose any of the three eligible candidates that have scored highest on the competitive examination so long as it does not select a candidate on the basis of an unlawful motive.

A bypassed candidate can challenge his non-selection if he can make some showing that the appointing authority was motivated by impermissible criteria.[1] Contrary to the majority, however, I

---

[1] A bypassed candidate might also bring a successful challenge if he can show that the appointing authority did not properly follow the Rule of Three or other

fail to apprehend why a simplistic statement of reasons—indicating a preference for the selected candidate without disparaging another unselected candidate—in a disposition report, a document used by the Department of Personnel (DOP) for internal purposes, changes this analysis.

## I.

There is no question in this state about the importance of a system of public service employment based on merit and fitness. New Jersey has elevated that schema to a principle of constitutional significance. Our Constitution mandates that "[a]ppointments and promotions in the civil service ... shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive[.]" *N.J. Const.* art. VII, § 1, ¶ 2. The Civil Service Act and the regulations promulgated pursuant to it implement that constitutional command by setting out the procedure by which a competitive examination leads to the certification of a list of eligible candidates to an appointing body. *See N.J.S.A.* 11A:4–5, –8; *N.J.A.C.* 4A:4–2.1, –3.2, –3.3(b), –4.2(a), –4.2(c)(2). Importantly, the Civil Service Act makes allowance for the important role of employer choice when selecting a workforce, as the constitutional command requires competitive examination only "as far as practicable." [2] Central to this process is the Rule of Three.

The Rule of Three promotes compliance with the constitutional requirement by limiting the scope of an appointing authority's

---

appointment procedures. This matter does not involve a claim of procedural failing.

[2] Indeed, to assume that the constitutional mandate can be met only through strict adherence to competitive examination is to cast doubt on the legislative choices to have an unclassified workforce and to allow other forms of appointments accomplished through a variety of non-examination-based processes. *See N.J.S.A.* 11A:3–4 (identifying unclassified service); *see also N.J.S.A.* 11A:3–3 (creating senior executive service); *N.J.S.A.* 11A:3–5 (identifying political subdivision unclassified service).

consideration to the three top-scoring eligible candidates. *See N.J.S.A.* 11A:4–8; *N.J.A.C.* 4A:4–4.8(a)(3); *see also In re Martinez,* 403 *N.J.Super.* 58, 72, 956 *A.*2d 386 (App.Div.2008) (explaining that "appointing authority must select from one of the top three candidates ranked on the list"). In this manner, the Rule substantially limits the appointing authority's discretion, but does not eliminate all discretion. *Terry v. Mercer Cnty. Bd. of Chosen Freeholders,* 86 *N.J.* 141, 149, 430 *A.*2d 194 (1981). The Rule of Three provides a vigorous check against arbitrary appointments by ensuring that only the most meritorious candidates, as determined by competitive examination, can be selected. However, it does not require appointment in the order of the ranking on an appointment list, unlike lists created for reemployment.[3] *See N.J.S.A.* 11A:4–8 (requiring that eligible candidates on reemployment lists "shall be certified and *appointed in the order of their ranking,*" and imposing no similar requirement for regular appointment where Rule of Three operates (emphasis added)). Legislative history highlights that difference between the two types of lists:

> On the basis of examination results, lists of persons eligible for appointment to public service positions shall be prepared. The three eligibles receiving the highest rank on an open competitive or promotional list would be certified by the commissioner for regular appointment. Eligibles on any type of reemployment list shall be certified *and appointed in the order of their ranking.* The current provisions of law regarding preference to veterans in the establishment of eligible lists is retained.
>
> [Senate State Govt. & Fed. & Interstate Relations & Veterans Affairs Comm., *Statement to S., No. 1567* (Aug. 26, 1986) (emphasis added).]

The legislative history cited above is important because although the Rule of Three has existed in some form for more than eighty years, *see Local 518, N.J. State Motor Vehicle Emps. Union v. Div. of Motor Vehicles,* 262 *N.J.Super.* 598, 603, 621 *A.*2d

---

[3] The legislative choice to distinguish between initial appointments and reappointments rationally promotes the policy that an employer should have greater leeway when choosing among inexperienced individuals who have not proven to be successful at the job they seek. In contrast, employees up for reappointment are proven commodities.

549 (App.Div.1993), its present codification is far more recent. *See* Civil Service Act of 1986, *N.J.S.A.* 11A:1–1 to 12–6. In 1986, the Legislature passed the Civil Service Act, which repealed the existing civil service laws and replaced them with a new comprehensive scheme. *L.* 1986, *c.* 112; *see Local 518, supra,* 262 *N.J.Super.* at 603, 621 *A.*2d 549 (discussing new law).

In *Local 518* the Appellate Division considered the import of the new legal framework, including the new iteration of the Rule of Three and, specifically, the regulation stipulating that a statement of reasons be created when an appointing authority bypasses a higher-ranked candidate. *Id.* at 602–06, 621 *A.*2d 549. The court first surveyed the prior state of the law, and explained that the repealed Title had "required an appointing authority to maintain in its personnel record a statement of reasons whenever it appointed or promoted an individual having a lower score than another eligible candidate." *Id.* at 603, 621 *A.*2d 549 (citing *L.* 1974, *c.* 160, § 3). A statutory provision further "permitted any person denied an appointment to submit facts for review by the Civil Service Commission." *Ibid.* (citing *L.* 1974, *c.* 160, § 3). The implementing regulations promulgated under that prior law required not only the creation of a statement of reasons but also that the appointing authority "notify all interested eligible [candidates] of the certification results." *Ibid.* (quoting since repealed *N.J.A.C.* 4:1–12.18).

Turning to the new law, the court observed that those requirements had been repealed. A statement of reasons was no longer mandated by statute. And although a regulation created by the Merit System Board—the agency charged with implementing the new law—detailed that such a statement still had to be included in a report to the DOP, *see N.J.A.C.* 4A:4–4.8(b), the regulation did not contain the requirement that bypassed candidates be notified of the appointment results. *Local 518, supra,* 262 *N.J.Super.* at 603, 621 *A.*2d 549. The court explained that the decision to eliminate the notice requirement could not have been accidental in light of the existence of another notice stipulated by the new

regulations in the event an appointing authority removed a candidate from an eligible list. *Ibid.*; *see N.J.A.C.* 4A:4–4.7(b)(1) ("Upon request of the eligible . . . the appointing authority shall provide the eligible with copies of all materials sent to the Department.").

In light of the new notice provisions, the Appellate Division appropriately concluded that the purpose of the statement of reasons required by *N.J.A.C.* 4A:4–4.8(b) was for "the appointing authority to advise the DOP of its reasons for not selecting a higher ranking eligible candidate." *Local 518, supra,* 262 *N.J.Super.* at 605, 621 *A.*2d 549. The court found that a bypassed candidate had no right to be provided with the statement of reasons, much less a right to challenge the sufficiency of that statement. *See id.* at 605–06, 621 *A.*2d 549. The court also appropriately recognized the need to defer to the agency's choice of how to implement its statutory mandate, and deferred to the agency's interpretation of its own regulation. *Id.* at 606, 621 *A.*2d 549.

I fully concur with the conclusions of the Appellate Division in *Local 518,* for they mirror my views in this case eighteen years later. Applying the well-reasoned principles articulated in that case to the one at bar leads to the conclusion that petitioner Foglio has not advanced any legitimate basis to challenge the statement of reasons or to claim that the appointing authority failed to provide an adequate rationale to the DOP for the selection made by the appointing authority in this matter.[4] The statement of reasons is simply one portion of a disposition report that was created, not for Foglio's benefit, but for the benefit of the DOP, the agency charged with superintendence of the appointment process. *See N.J.A.C.* 4A:4–4.8(b) (stating that "appointing au-

---

[4] Foglio's petition does not appear to dispute that the statement of reasons provided to the DOP in the instant matter meets the purposes for which it is required. He concedes that the statement of reasons provided in the disposition report was "sufficient for the purposes of certifying the disposition of the list, and technically meets the requirement of *N.J.A.C.* 4A:4–4.8 (b)(4)."

thority shall notify the Department of Personnel of the disposition of the certification" and listing six criteria—fourth being statement of reasons—that disposition report must include). The disposition report is a communication between the appointing authority and the agency, and serves to notify the agency of relevant appointment details; the statement of reasons included therein is not intended to provide notification to a bypassed applicant nor to serve as the appointing authority's official position when an eligible candidate challenges his bypass. Should the DOP feel that the appointing authority's statement was insufficiently explanatory, it may demand a more meaningful statement. Foglio, however, has no standing to force the DOP's hand.

## II.

### A.

I turn now to the recourse available to a bypassed candidate. Generally speaking, an appointing authority has discretion under the Rule of Three to appoint any of the top three certified candidates. *See N.J.S.A.* 11A:4–8; *Terry, supra,* 86 *N.J.* at 148–50, 430 *A.*2d 194 (detailing purpose and application of Rule of Three). A bypassed candidate cannot successfully challenge that exercise of discretion unless he is able to demonstrate that an improper motive played a role in his non-selection. When he does not even allege an improper motive, as here, he simply has no basis for a challenge.

In challenging the appointment of a lower-ranked eligible, a bypassed candidate bears the burden of proving that the appointing authority was motivated by an illegitimate, unlawful motive. *N.J.A.C.* 4A:2–1.4(c) (stipulating that for all non-disciplinary appeals, "the burden of proof shall be on the appellant"); *see also In re Crowley,* 193 *N.J.Super.* 197, 214, 473 *A.*2d 90 (App.Div.1984) (appointing authority can bypass higher-ranked candidate for any "legitimate reason"). Appellants have managed to overturn appointment decisions when they have proven such unlawful motives

as anti-union animus, *Crowley, supra,* 193 *N.J.Super.* at 211–13, 473 *A.*2d 90, or gender discrimination, *Terry, supra,* 86 *N.J.* at 143, 430 *A.*2d 194.[5]

An appellant who asserts that he was bypassed for unlawful reasons might point to a bare-bones statement of reasons in support of his contention that a proffered legitimate reason is pretextual. However, in the twenty-five years since the passage of the Civil Service Act, no court has found a civil service appointment to be arbitrary on the basis of a meager statement of reasons.

The Civil Service Commission and the Appellate Division correctly understood the inquiry. The Civil Service Commission noted that Foglio did not assert that his bypass was motivated by discrimination or politics, and found no evidence in the record of any unlawful motive. Without any claim that the appointing authority's decision-making process was tainted by an improper motive, the Civil Service Commission appropriately held that the appointing body was free to exercise its discretion under the Rule of Three. The Appellate Division framed the analysis in similar terms: "the candidate must submit facts in support of his request for review and bears the burden of proof that the selection of lower ranked candidates was the product of improper motives." Finding the record devoid of any evidence of unlawful motive, the panel saw no need to conduct a more probing inquiry. I too believe that no more is required.

---

[5] In one instance, an appointment decision was overturned when an appointing authority failed to follow the command of *N.J.A.C.* 4A:4–2.1(c), which requires that minimum qualifications for a position be announced beforehand. *In re Hruska,* 375 *N.J.Super.* 202, 209–12, 867 *A.*2d 479 (App.Div.2005). The appointing authority impermissibly removed a candidate from an eligibility list on the basis of a threshold qualification that it created subsequent to the list's certification. *Id.* at 209–212, 867 *A.*2d 479. Because Foglio asserts only that his bypass was arbitrary and unsupported by sufficient rationale, and not that the appointing authority illegally instituted appointment procedures that are inconsistent with the Rule of Three, there is no need to address whether the rationale of that decision is sound.

Foglio's petition concedes that he has no evidence of unlawful motive. Thus, he has presented no reason to overturn the appointment decision. The holding of the Appellate Division should be affirmed.[6]

## B.

Of particular concern to me is the majority's assertion that an appointing authority's action is "presumably" in violation of merit and fitness principles when it utilizes the Rule of Three to choose a lower-ranked candidate over a higher-ranked candidate, for example when the second-ranked eligible candidate is chosen instead of the first-ranked, unless a meaningful statement of legitimate reasons is provided to justify the bypass. *See ante* at 49–50, 22 *A*.3d at 964–65. I must disagree. I view the majority's assertion as imposing an unwarranted intrusion on the discretion that the Legislature conferred on appointing authorities through the Civil Service Act of 1986. There is no support in the language of the statute nor in its legislative history for what is, in effect, a shifting of the burden to show arbitrary action; in fact, the historical evidence leads to the opposite result. I believe that the Rule of Three gives an appointing authority's action a presumption of validity, and I would continue to require that an appellant bear the initial burden of alleging and producing evidence of arbitrary action regardless of the thin content of the statement of reasons in the disposition report.

The Rule of Three does not need reinterpretation. The Civil Service Commission has been astutely administering the Rule so that it provides the structural constraint intended by the Legisla-

---

[6] Furthermore, the record here is not as bare as either petitioner or the majority declares. Contradicting the allegation that the appointing authority's decision was purely arbitrary, there is evidence in the record that Foglio was bypassed because his interview performance had been "weak" and because his educational qualifications were less impressive than the candidates chosen. Each of these reasons is substantiated by the record and sufficient to dispel an allegation of arbitrary action unsupported by record evidence.

ture when it recodified the Rule in 1986. I would hold that appointments made pursuant to the Rule are presumptively valid and in accord with merit principles. Neither the Civil Service Act nor its legislative history evidences any intent of the Legislature to further cabin the discretion of an appointing authority. *See N.J.S.A.* 11A:4–8 ("A certification that contains the names of at least three interested eligibles shall be complete and a regular appointment shall be made *from among* those eligibles." (emphasis added)); *Statement to S., No. 1567, supra,* (explaining simply that for regular appointments, "[t]he three eligibles receiving the highest rank on an open competitive or promotional list would be certified by the commissioner for regular appointment"). Absent some demonstration of an unlawful motive, I believe the appointing authority has discretion to choose from among the top three candidates on the basis of the objective or subjective criteria it deems important when evaluating them. Simply put, the agency may exercise its right to prefer one candidate over another.

Furthermore, for the reasons explained *supra,* the statement of reasons required in a disposition report is for the DOP's internal use and can neither vest a candidate with additional rights nor create an alternative manner by which to challenge an appointment decision. In ruling that a bypassed candidate can challenge a statement of reasons essentially on the basis of blandness, the majority disregards a crucial precept inherent in the appointment process: no right accrues to a candidate whose name appears on an eligible list under the Rule of Three other than to be considered for appointment. *See Crowley, supra,* 193 *N.J.Super.* at 210, 473 *A.*2d 90 (noting that candidate "placed on an eligible list does not thereby gain a vested right to appointment" and that "[t]he only benefit inuring to such a person is that so long as that list remains in force, no appointment can be made except from that list"); *Nunan v. N.J. Dep't of Pers.,* 244 *N.J.Super.* 494, 497, 582 *A.*2d 1266 (App.Div.1990) ("[T]he best that can be said" of candidate on eligible list is that he has "a right to be considered for appointment."), *certif. denied,* 126 *N.J.* 335, 598 *A.*2d 892 (1991).

That principle has not been abrogated by the regulatory requirement that a disposition report contain a statement of reasons.

In sum, I would hold that a bypassed candidate has no right to any particular level of detail in the statement of reasons submitted to the DOP and, further, that *N.J.A.C.* 4A:4–4.8(b) does not vest a bypassed candidate with any additional causes of action or avenues for challenge. Examination of the legal landscape before and after the Civil Service Act of 1986 reveals that the statement of reasons is merely one of several pieces of information provided to the DOP for its use and record-keeping when reviewing an appointing authority's exercise of discretion under the Rule of Three. The statement is not intended to notify a bypassed candidate of appointment results nor convey any information to that candidate, and it should not vest a bypassed candidate with substantive rights or an additional avenue for challenging his bypass.

### III.

For the foregoing reasons, I respectfully dissent. I would affirm the decision of the Appellate Division.

*For reversal and remandment*—Chief Justice RABNER and Justices LONG, ALBIN and RIVERA–SOTO—4.

*For affirmance*—Justices LaVECCHIA and HOENS—2.