**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2141-23

IN THE MATTER OF SOCIAL/
FAMILY SERVICE WORKER
TRAINEE, ESSEX COUNTY.

_____

Submitted April 8, 2025 – Decided May 7, 2025

Before Judges Chase and Vanek.

On appeal from the New Jersey Civil Service Commission, Docket No. 2024-1424.

Weissman & Mintz LLC, attorneys for appellant Communications Workers of America, AFL-CIO, District 1 (Patricia A. Villanueva, on the brief).

Jerome M. St. John, Essex County Counsel, attorney for respondent Essex County (Gary J. Cucchiara, Assistant County Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Civil Service Commission (Charles A. Shadle, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

The Communications Workers of America, AFL-CIO, District 1 (CWA) appeals from the Civil Service Commission's (the Commission) final agency decision (FAD) affirming the Division of Agency Services' (Agency Services) determination that certain Family Service Worker (FSW) appointments made by Essex County, Division of Family Assistance and Benefits (the County) do not violate the Civil Service Act (the Act), N.J.S.A. 11A:1-1 to -2-6, or constitutional law. We affirm, concluding the CWA has not shown the Commission's FAD was arbitrary, capricious, or unreasonable.

I.

We discern the material facts from the record. In 2014, the Commission established the non-competitive title of "Trainee" under N.J.A.C. 4A:3-3.7(a) to facilitate the recruitment and hiring of employees with no experience into entry level titles. Since then, various county welfare agencies and social service agencies throughout New Jersey have made appointments under the Trainee title.

Trainee job duties include office and field work related to continuing preventive and rehabilitative social services for clients and their families, aiding individuals and families with problems that adversely affect their families or personal lives, and other related duties. The Trainee job specification requires

eligible candidates to be bilingual in Spanish and English and have a bachelor's degree from an accredited college or university, or four years of professional experience relevant to the position that is "analytical, evaluative and interpretive." The professional experience must encompass basic knowledge of concepts and practices, performed with the authority to act and make accurate and informed decisions. Only those appointees who successfully complete a twelve-month training period will be eligible for advancement to other specified titles, including the primary title of FSW.

The FSW job specification likewise requires four years of professional experience, a bachelor's degree, or a combination of both experience and education. The FSW duties are similar to those performed by the Trainee, except they are undertaken in a primary capacity.

In 2022, the Commission administered an open competitive examination for the FSW title, resulting in an eligible list of 128 individuals, which expires on October 26, 2025. The County made seventy-seven total appointments to the FSW title—sixty-five from the eligible list and twelve from the pool of qualified FSW Trainees.

The CWA objected to the County's appointment of Trainees to the FSW position, contending they were improperly permitted to advance to the related

3 A-2141-23

primary title without open competitive testing. The CWA posited the County was classifying employees in the non-competitive Trainee title to circumvent the competitive examination process. The CWA's request for Agency Services to disapprove further appointments was denied, as was its further appeal to the Commissioner.

The Commission affirmed Agency Services in a FAD, finding the County made most appointments from the open competitive list and is not attempting to circumvent the Act and civil service rules by promoting some Trainees to the FSW positions. The Commission found the County is using all available options to efficiently fill its needs with qualified individuals, since the eligibility requirements for the Trainee position are similar to those of the FSW title.

The Commission found there was no authority to support CWA's contention that the County was prohibited from appointing candidates from both the eligible list and from the pool of qualified non-competitive Trainees. The Commission also found the County had discretion to determine its organizational structure using existing Trainees who had the experience and demonstrated ability to perform the services required of an FSW.

The Commission rejected CWA's arguments that the County's actions were tantamount to infringement on special reemployment rights, finding a

4

candidate does not have any vested rights to a promotion. The Commission did not find CWA's arguments that the County's appointment of Trainees constitutes job banding persuasive, since the qualified candidates had been fully trained and were experienced.

This appeal follows.

## II.

Under our limited scope of review, we conclude the Commission's determination was not arbitrary, capricious, or unreasonable, substantially for the reasons set forth in its FAD. See Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). The Commission found the County had discretion to determine its organizational structure using existing Trainees who had the experience and demonstrated the ability to perform the services required of an FSW.

## A.

The standard of review applicable to the determination of an administrative agency, including the Commission, is whether there has been "a showing [the action was] arbitrary, capricious[,] or unreasonable, or that it lacked fair support in the evidence, or that it violated legislative policies

A-2141-23

expressed or implicit in the civil service act."  In re Hendrickson, 235 N.J. 145,

160 (2018) (quoting State v. Roth, 95 N.J. 334, 364 (1984)).  The judicial role

in reviewing administrative action is generally limited to three inquiries:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;
>
> (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and
>
> (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars, 234 N.J. at 157 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

This well-known standard has engrained within it a degree of deference

prohibiting us from substituting our judgment for the agency's "merely because

we might have come to a different outcome."  Hendrickson, 235 N.J. at 150.

Additionally, a "'strong presumption of reasonableness attaches to the actions of

the administrative agencies.'"  In re Carroll, 339 N.J. Super. 429, 437 (App. Div.

2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135

N.J. 306 (1994)).

However, "'we are in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue'" since our review of those issues is de novo. In re Langan Eng'g. & Env't Servs., Inc., 425 N.J. Super. 577, 581 (App. Div. 2012) (quoting Utley v. Bd. of Rev., 194 N.J. 534, 551 (2008)). The burden of proof in a non-disciplinary Commission appeal resides with the appellant. N.J.A.C. 4A:2-1.4(c); In re Foglio, 207 N.J. 38, 47 (2011).

B.

Enacted in 1986, the Act "governs civil service employment in New Jersey, which includes all positions within state government and those within the political subdivisions that choose to adopt and be governed by [its terms]." Commc'ns Workers of Am., AFL-CIO v. N.J. Civ. Serv. Comm'n, 234 N.J. 483, 522 (2018). See Foglio, 207 N.J. at 51, 54. The Act grants the Commission authority to:

> a. Establish, administer, amend and continuously review a State classification plan governing all positions in State service and similar plans for political subdivisions;
>
> b. Establish, consolidate and abolish titles;
>
> c. Ensure the grouping in a single title of positions with similar qualifications, authority and responsibility;

A-2141-23

d.   Assign and reassign titles to appropriate positions; and

e.   Provide a specification for each title.

[N.J.S.A. 11A:3-1.]

The Act also "directs the Commission to 'promulgate, pursuant to the "Administrative Procedure Act," [N.J.S.A. 52:14B-1 to -31], rules and regulations to effectuate the purposes of' [the] Act." Commc'ns Workers of Am., AFL-CIO, 234 N.J. at 522 (alteration in original) (quoting N.J.S.A. 11A:4-1.2). "Those 'purposes' are defined by the statute to include the selection and advancement of employees 'on the basis of their relative knowledge, skills and abilities'; the encouragement and rewarding of 'meritorious performance'; and the retention and separation of employees 'on the basis of the adequacy of their performance.'" Ibid. (quoting N.J.S.A. 11A:1-2).

The Act emphasizes competitive examinations in appointments and promotions pursuant to Article VII, Section I, Paragraph 2 of the New Jersey Constitution, which states:

> Appointments and promotions in the civil service of the State, and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive; except that preference in appointments by reasons of active service in any branch of the military

8

or naval forces of the United States in time of war may
be provided by law.

This constitutional provision, however, "does not require that merit and fitness be determined by competitive examination in every case, but only 'as far as practicable.'" Commc'ns Workers of Am., AFL-CIO, 234 N.J. at 523 (quoting Newark Superior Officers Ass'n v. City of Newark, 98 N.J. 212, 232 (1985)). As the Court has observed, "[t]he framers of the Constitution recognized that although competitive examinations would be the general rule in Civil Service appointments and promotions, there would be situations where such examination would not be practicable . . . ." Ibid. (alteration in original) (quoting Falcey v. Civ. Serv. Comm'n, 16 N.J. 117, 122-23 (1954)). The Act permits the Commission to "waive competitive examination on grounds of impracticability . . . [which] will not be upset on judicial review unless it is shown to have been arbitrary, capricious[,] or unreasonable." Falcey, 16 N.J. at 123.

In acknowledging "appointments to certain types of employment are not readily made through a competitive examination process," N.J.S.A. 11A:3-2.1(b), the Act authorizes the creation of both a competitive division and a non-competitive division, N.J.S.A. 11A:3-2. Unlike the competitive division, where "examination and certification" are required for advancement, the Act provides

for "appointment" to titles in the non-competitive division.  N.J.S.A. 11A:4-13; see also Commc'ns Workers of Am., AFL-CIO, 234 N.J. at 523.

N.J.A.C. 4A:3-3.7(a) provides trainee, apprentice, recruit, and intern titles may be established by state and local government for entry level employment. Additionally, N.J.A.C. 4A:3-3.7(j) specifically allows for "[t]he advancement of a successful, permanent trainee . . . to the appropriate primary title" by regular appointment without the promotional examination process.  This appointment structure is consistent with the goal of the Act—to secure the appointment and advancement of civil service employees based on their merit and abilities. N.J.S.A. 11A:1-2; Commc'ns Workers of Am., AFL-CIO v. N.J. Dep't of Pers., 154 N.J. 121, 128 (1998) (explaining the underlying purpose of the Act's appointment structure).

The CWA now appears to have coupled its objection to the appointment of Trainees to the FSW position without a competitive exam with a belated argument that the Trainee position was improperly classified as non-competitive in 2014.  Although CWA criticizes the lack of record before the Commission as to the 2014 non-competitive classification, that permanent classification occurred in accordance with N.J.A.C. 4A:3-1.2(c) more than ten years ago.  The undisputed evidence in the record before the Commission on this matter was that

the classification occurred to facilitate the recruitment and hiring of employees with no experience into entry level titles. We decline to substantively review this over ten-year-old classification, based on the dilatory nature of the argument and lack of a further record.

Our review of the County's appointment of twelve Trainees to the FSW title leads us to conclude the County did not violate the legislative policies underpinning the Act where the advancement was based on the Trainees' knowledge, skills, and experience performing the specified services related to the primary position. The appointees were selected based upon their satisfactory performance of FSW duties as Trainees for an extended period of time, allowing them to advance to the FSW position without competitive testing.

The CWA failed to show the County was attempting to circumvent the Act where only twelve Trainees were promoted to the FSW title pursuant to N.J.A.C. 4A:3-3.7(j), out of the total seventy-seven candidates appointed. The remaining sixty-five appointments were from the eligible list. In a similar vein, CWA has not proffered any authority establishing the County's appointment from both the pool of qualified Trainees and the eligible list of candidates who took the promotional examination violated the Act.

We are unconvinced that the Commission's FAD violates N.J.S.A. 11A:4-8 (the "Rule of Three"), predicated on Commc'ns Workers of Am., AFL-CIO. CWA's reliance is misplaced, as the Court in that case addressed "'job banding,' the aggregation of certain public employment job titles in a 'band' that permits employees to advance to higher titles within a band without competitive examinations." 234 N.J. at 493. The facts here are more akin to N.J. Dep't of Pers., where promotions from a non-competitive trainee title to a related, primary competitive title were found permissible based on merit, without an examination. 154 N.J. at 129-30.

We are not persuaded that the County's limited promotion of twelve Trainees out of seventy-seven appointments constituted job banding, since there was no grouping of titles or a title series onto a single broad band of titles with similar responsibilities, duties, and qualifications without a competitive exam. See Commc'ns Workers of Am., AFL-CIO, 234 N.J. at 497. Here, there was no general practice of promoting non-entry level positions without competitive testing. Instead, a limited number of Trainee promotions were accomplished, based on authority embodied in an express administrative code provision.

CWA has not sustained its burden of establishing the limited Trainee appointments to their primary FSW positions are unconstitutional. N.J.A.C.

12

4A:3-3.7(j) specifically contemplates allowing trainees to achieve their primary title without a promotional exam, consistent with the constitutional requirement that appointments be made according to merit and fitness, by examination, as far as practicable. CWA has failed to show any specific appointment was made without evaluating the FSW Trainees' merit and fitness. Nor has CWA presented any binding authority supporting its constitutional arguments. Thus, we are unpersuaded the CWA met its burden of establishing the merit-based Trainee-to-FSW appointments were not accomplished in accordance with prevailing law and constitutional principles.

To the extent we have not addressed any of plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division