HENRY WILLIAMS, APPELLANT-RESPONDENT, v.
CIVIL SERVICE COMMISSION, RESPONDENT-APPELLANT.

Argued February 20, 1974—Decided December 17, 1974.

*Mr. Theodore A. Winard,* Assistant Attorney General, argued the cause for appellant (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* First Assistant Attorney General, of counsel; *Mr. John M. Van Dalen,* Deputy Attorney General, on the brief).

*Ms. Randall W. Westreich and Ms. Louise Halper,* Essex County Legal Services, argued the cause for respondent (*Ms. Westreich,* on the brief).

The opinion of the Court was delivered by

MOUNTAIN, J. Plaintiff held a provisional appointment as Assistant Dog Warden of the City of Orange. While so employed, he claims to have become aware of certain unsatisfactory conditions at the Orange Dog Shelter. These alleged inadequacies he brought to the attention of his superior and when no improvements were forthcoming, related his observations to a newspaper reporter. Publicity followed in the

local press. Shortly thereafter plaintiff's supervisor commenced submitting complaints regarding plaintiff's performance to the member of the governing body directly concerned with the conduct of the dog shelter. Following the last of these complaints plaintiff was asked to resign. He refused and instead induced the publication of another newspaper article and personally expressed his point of view and defended his conduct at a public meeting of the municipal governing body. Within a fortnight he was discharged.

The reasons given for his discharge were: (1) an inability to furnish accurate daily reports to the Department of Parks and Public Property, (2) an inability to comply with departmental regulations, (3) misuse of a Dog Shelter vehicle, and (4) an inability to solve complaints. In addition to denying the validity of each of these charges, plaintiff asserts that the real reason for his discharge was the fact that he had publicly criticized his superiors in the Department of Parks and Public Property.

The day after his release from employment Williams submitted to the Civil Service Commission a written request for a hearing. The request was denied, the Commissioner citing as the reason and authority for the denial, *N. J. A. C.* 4:1–16.8(b).[1] Williams appealed to the Appellate Division from the action of the Commissioner. *R.* 2:2–3(a)(2). The appellate court reversed the decision of the administrative tribunal and remanded the matter for a hearing. 124 *N. J. Super.* 444 (1973). We granted certification at the instance of the Civil Service Commission, 63 *N. J.* 584 (1973).

We concur in the reasoning which underlies the Appellate Division's grant of a hearing in this case. But we modify that Court's ruling to provide that the hearing shall be held before the governing body of the City of Orange rather than before the Civil Service Commission.

---

[1](b) A provisional or temporary employee may be terminated at any time at the discretion of the appointing authority. A provisional or temporary employee who has been terminated shall have no right of appeal to the Civil Service Commission. [*N. J. A. C.* 4:1–16.8(b)]

■ The Appellate Division in large part rested its ruling in favor of a hearing upon the decision of the Supreme Court in *Board of Regents v. Roth,* 408 *U. S.* 564, 92 *S. Ct.* 2701, 33 *L. Ed.* 2d 548 (1972). We agree that this decision applies here. See also *Wilderman v. Nelson,* 467 *F.* 2d 1173 (8th Cir. 1972) ; *Harnett v. Ulett,* 466 *F.* 2d 113 (8th Cir. 1972). *Roth* held, *inter alia,* that a teacher without tenure, with "no possible claim of entitlement to re-employment," did not possess a property interest sufficient to require that he be given the due process safeguard of a hearing upon the occasion of his failure to receive a contract renewal. This is equally true of the plaintiff here. He was a provisional or temporary employee subject to be terminated at any time at the discretion of the municipality. His claim to be accorded the procedural protection of a hearing cannot rest upon the alleged deprivation of a property interest.

■■ But as the Appellate Division carefully noted, *Roth* stands for the further proposition that a public employee, even though possessing no adequate property interest, may yet be entitled to demand a hearing if governmental action will deprive him of some "liberty." The term "liberty" in this context has never been precisely defined, but there is no doubt that it must be given a broad and comprehensive reach. In his discussion of the meaning of liberty in the area of public employment, Justice Stewart, speaking for the majority in *Roth,* had this to say,

Similarly, there is no suggestion that the State, in declining to re-employ the respondent, imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities. The State, for example, did not invoke any regulations to bar the respondent from all other public employment in state universities. Had it done so, this, again, would be a different case. [408 *U. S.* at 573, 92 *S. Ct.* at 2707, 33 *L. Ed.* 2d at 559]

In this State a rule of the Civil Service Commission authorizes the Chief Examiner and Secretary of the Commission, with respect to any applicant who shall at any time there-

tofore "have been removed . . . from the public service . . ." to do any of the following:

1. Reject the application of a person for admission to an examination;
2. Refuse to test an applicant;
3. Refuse to place the name of a person on the employment list;
4. Refuse to certify the name of an eligible person; or
5. Remove from the employment list the name of an eligible person.
[*N. J. A. C.* 4:1-8.14]

Thus removal from the public service — as has occurred to this plaintiff — may indeed have imposed upon him a stigma or potential disability, seriously affecting his liberty to seek future employment in a position which falls within the domain of the civil service regulations.[2] Moreover, the publicity in the press attendant upon his dismissal may well have damaged his ability to obtain employment in the private sector. For these reasons, we feel that the plaintiff is entitled to a post-termination evidentiary hearing to clear any damage to his reputation.

▮ In addition to the denial of "liberty" found by the Appellate Division, we observe another ground of significant constitutional dimension which supports the grant of a hearing to this plaintiff. Nearly 80 years ago, Justice Holmes implied that public employment might be conditioned upon the waiver of First Amendment rights. *McAuliffe v. Mayor of New Bedford*, 155 *Mass.* 216, 220, 29 *N. E.* 517, 517–518 (1892). This is no longer the law. As the United States Supreme Court recently observed in *Perry v. Sindermann*, 408 *U. S.* 593, 92 *S. Ct.* 2694, 33 *L. Ed.* 2d 570 (1972):

For at least a quarter-century, this Court has made clear that even though a person has no "right" to a valuable governmental benefit

---

[2] It is true that *N. J. A. C.* 4:1–8.15 affords a right of review before the Commission to any party who is aggrieved by a ruling pursuant to *N. J. A. C.* 4:1–8.14. But this right of review is inadequate to meet the test of *Roth.* It provides only for the submission, in writing, of pertinent facts; a full evidentiary hearing is not contemplated.

and even though the government may deny him the benefit for any number of reasons, *there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited.* [408 *U. S.* at 597, 92 *S. Ct.* at 2697, 33 *L. Ed.* 2d at 577; emphasis added]

■■ We cannot of course say upon the record before us whether in fact plaintiff's criticism of municipal conduct was or was not a cause or motivation for his discharge. Nor can we say whether such criticism was or was not entitled to protection in the factual context of plaintiff's employment. One purpose of the hearing will be to determine in fact whether the criticism was or was not so protected. At such a hearing, to paraphrase slightly what we recently said in *Winston v. Board of Education of South Plainfield,* 64 *N. J.* 582 (1974),

. . . the problem is to arrive at a proper balance between the [employee's] interests in speaking freely and the [municipality's] interests in promoting the efficiency of its . . . public service. [64 *N. J.* at 588]

That the criticism may have been directed at the governing body that employed the plaintiff, or at his immediate superior does not of itself diminish his First Amendment right to speak freely.

The importance of Government employees being assured of their right to freely comment on the conduct of government, to inform the public of abuses of power and of the misconduct of their superiors, must be self-evident in these times. [Marshall J., dissenting in *Arnett v. Kennedy,* 416 *U. S.* at 134, 228, 94 *S. Ct.* 1633, 1681, 40 *L. Ed.* 2d 15, 76 (1974)]

See also *Pickering v. Board of Education,* 391 *U. S.* 563, 574, 88 *S. Ct.* 1731, 1737, 20 *L. Ed.* 2d 811, 820 (1968); *Perry v. Sindermann, supra,* 408 *U. S.* at 598, 92 *S. Ct.* at 2698, 33 *L. Ed.* 2d at 578 (1972).

■ The Civil Service Commission does not seriously dispute what we have said above.[3] Rather, it insists that if there is to be a hearing it should be held before the employer-municipality rather than before it, since, as we stated initially, the plaintiff, at the time of his discharge, was a *provisional,* or *temporary* employee. It is the position of the Civil Service Commission that such an employee, even though working for a municipality that has adopted Civil Service — as is here the case — is not entitled to statutory protections, including the right to a hearing on appeal to the Commission, as these protections are only available to those employees who have been regularly appointed within the merit and fitness system.

As indicated above, we agree. The cases cited by the plaintiff do not support his contention that a temporary or provisional employee is entitled to a direct appeal to the Commission. *Devine v. City of Plainfield,* 31 *N. J. Super.* 300 (App. Div. 1954) and *Briggs v. Dept. of Civil Service,* 64 *N. J. Super.* 351 (App. Div. 1960) stand only for the proposition that regularly appointed employees have a right to such a hearing in the event of a discharge during their probationary period. This rule is well settled, *N. J. A. C.* 4:1–13.7, but has no application to temporary employment. In *Burlington County Evergreen Park Mental Hospital v. Cooper,* 56 *N. J.* 579 (1970) the question as to whether the hearing should be before the Civil Service Commission or at the public employer level was not at issue nor was it discussed. Furthermore, the nature of the employment arrangement was unclear. 56 *N. J.* at 581.

We also note plaintiff's argument that were the hearings to be held by the City of Orange, rather than by the Civil Service Commission, he would be denied the benefit of pleading his cause before an impartial tribunal. The argument is not without weight and has been noticed elsewhere. See

---

[3]Although made a party to this suit, the City of Orange has filed no pleadings or other papers nor has it in any other way participated in the litigation.

*Pickering v. Board of Education, supra,* 391 *U. S.* at 578, 88 *S. Ct.* at 1740, 20 *L. Ed.* 2d at 823; *Arnett v. Kennedy, supra,* 416 *U. S.* at 196–200, 94 *S. Ct.* at 1665–1666, 40 *L. Ed.* 2d at 57–59 (White, J., concurring in part and dissenting in part). We conclude, however, that in this case the danger of injustice resulting from bias is minimal. See 4 *McQuillin, Municipal Corporations,* sec. 12.259c (3rd ed. 1968). Any such injustice could be readily corrected by resort to the courts presumably by action in lieu of prerogative writ.

Accordingly, we direct that notice be given by the plaintiff to the governing body of the City of Orange to conduct a hearing for the purposes set forth above, as soon as is reasonably practicable.

The judgment of the Appellate Division, as modified, is affirmed.

*For modification and affirmance*—Chief Justice HUGHES and Justices JACOBS, HALL, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—7.

*For reversal*—None.