242 N.J. Super. 342 (1990)
576 A.2d 932
IN THE MATTER OF ROSCOE WIGGINS, JUVENILE DETENTION OFFICER (C4103J), UNION COUNTY.
Superior Court of New Jersey, Appellate Division.
Submitted May 22, 1990.
Decided July 9, 1990.
*343 Before Judges DEIGHAN and R.S. COHEN.
Fox and Fox, attorneys for appellant Roscoe Wiggins (Dennis J. Alessi of counsel, Audrey S. Stern on the brief).
Waters, McPherson, McNeill, attorneys for respondent Union County Personnel (Frank G. Capece of counsel, Ellen Ciambrone Colletti and Janet E. Charles on the brief).
Robert J. Del Tufo, Attorney General, attorney for respondent Merit System Board (June K. Forrest, Deputy Attorney General, on the statement).
The opinion of the court was delivered by COHEN, R.S., J.A.D.
Roscoe Wiggins was a provisional Juvenile Detention Officer employed by Union County. He took and passed the examination for permanent appointment. N.J.S.A. 11:9-1. He thus became entitled to be included on the eligible list, from which the appointing authority must make permanent appointments. N.J.S.A. 11:10-1, -5. Soon thereafter he was terminated by Union County for unsatisfactory work performance. As a provisional employee, he had no right to appeal the termination. Williams v. Civil Service Commission, 66 N.J. 152, 329 A.2d 556 (1974). The County then requested the Merit System Board to remove Wiggins' name from the eligible list. The Board considered written submissions from Wiggins and the County disputing whether Wiggins' work performance was in fact unsatisfactory, and decided that a sufficient basis existed to remove Wiggins from the eligible list pursuant to N.J.A.C. *344 4A:4-6.1. It did not conduct a hearing, but relied on the written record.
Wiggins appealed. He argues that the documentary record before the Board did not support the decision, that Wiggins was erroneously denied an evidentiary hearing on disputed material facts, that Wiggins was a "constructive" permanent employee and thus entitled to an evidentiary hearing, that the County's reasons for termination were pretextual and intended to cover the real basis, which was discrimination against Wiggins for filing a workers' compensation claim for a job injury, and finally that the Board's decision was wrongful and without just cause.
The ground upon which the Board ordered Wiggins' name removed from the eligible list, see N.J.A.C. 4A:4-4.7(a)1, was that the County had "established sufficient cause for the removal" on the basis that Wiggins had "a prior employment history which relates adversely to" the job. N.J.A.C. 4A:4-6.1(a)7. The evidence for that conclusion was disputed. On one occasion, Wiggins was supposed to have failed to search a juvenile resident leaving the kitchen carrying a knife. Wiggins was also charged with being late on two occasions in one week and improperly refusing to work mandatory overtime. On another occasion, Wiggins confronted a senior staff member at a staff meeting. At another time, Wiggins "became verbal" in front of staff and residents.
Wiggins had explanations for all the shortcomings the County charged against him. He was not in charge of searching residents leaving the kitchen when a knife was removed, because he was assigned at the time to courtyard duty. His two late arrivals were caused by unavoidable public transportation delays. Wiggins said he was picked out for criticism for a common problem. He refused overtime because he was in pain from a recent work injury. He denied speaking inappropriately *345 to a senior staff member or becoming "verbal".[1] Wiggins also said he was being penalized for filing a claim for workers' compensation.
If the Board's decision was appropriately made on the basis of the written record, there was sufficient factual basis for it. On the other hand, there was also sufficient factual basis for a decision in Wiggins' favor. The Board chose the County's factual position apparently on the following thesis:
While appellant disputes the charges, he has not submitted any documentation from other individuals which support his claims that they are without merit.
The Board is not required by statute to hold a hearing in a matter like this one, but may decide it on the basis of "a review of the written record." N.J.S.A. 11A:2-6. However, there are circumstances in which a public employee may be entitled to an evidentiary hearing to resolve a contested factual issue, as a matter of fundamental fairness and administrative due process, even if the statute does not require it. Cunningham v. Dept. of Civil Service, 69 N.J. 13, 350 A.2d 58 (1975). In addition, the Board's own rules provide for an evidentiary hearing, even where not required "by law or these rules," if the Board "finds that a material and controlling dispute of fact exists that can only be resolved by a hearing...." N.J.A.C. 4A:2-1.1(d).
The determination whether such a situation exists is one committed to the discretion of the Board, and its decision will be affirmed unless it goes beyond the range of sound judgment. We are satisfied that the determination whether Wiggins had a "prior employment history which relates adversely" to the job he sought was an intensely factual determination which controlled the outcome. Such a determination could be made only by evaluating the untested truth or falsity of the charges made by the County and denied by Wiggins. That evaluation was not *346 possible on the documentary record before the Board. Wiggins' name could not be removed because he was fired for disciplinary reasons, unless he had the opportunity for a hearing on his termination. He had no such opportunity. Cf. N.J.A.C. 4A:4-6.1(a)5.
Even though he was not entitled to appeal his termination, Wiggins was entitled to an effective appeal procedure on removal from the eligible list to determine if he really did have an adverse employment history. Even though a position on an eligibility list creates no vested right to an appointment, In re Crowley, 193 N.J. Super. 197, 210, 473 A.2d 90 (App.Div. 1984), it confers protection against arbitrary removal from the eligibility list. The consequences of wrongful removal from such a list are sufficiently grave to require protection against improper action. Cf. Nicoletta v. No. Jersey District Water Supply Commission, 77 N.J. 145, 390 A.2d 90 (1978). It is improper for the Board to remove a person from the eligible list because of a prior employment history which relates adversely to the position (N.J.A.C. 4A:4-6.1(a)7) solely on the basis of charges to that effect which are the subject of good faith factual dispute.
Reversed and remanded.
NOTES
[1] We are unfamiliar with the concept of being "verbal" as an undesirable behavior. We assume the expression is used as the equivalent of "mouthing off."