**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1649-16T2

IN THE MATTER OF
ANNA DELANEY, DEPARTMENT
OF LAW AND PUBLIC SAFETY.

_____

> Argued April 30, 2018 - Decided June 18, 2018
>
> Before Judges Accurso and O'Connor.
>
> On appeal from the New Jersey Civil Service
> Commission, Docket Nos. 2015-1255 and 2016-
> 1528.
>
> Walter R. Bliss, Jr., argued the cause for
> appellant Anna Delaney.
>
> Pamela N. Ullman, Deputy Attorney General,
> argued the cause for respondent New Jersey
> Civil Service Commission (Gurbir S. Grewal,
> Attorney General, attorney; Melissa Dutton
> Schaffer, Assistant Attorney General, of
> counsel; Pamela N. Ullman, on the brief).

PER CURIAM

Anna Delaney appeals from an August 3, 2015 final agency

decision of the Civil Service Commission and a November 29, 2016

decision denying her request for reconsideration.  As Delaney

has not demonstrated either decision was arbitrary, capricious

or unreasonable, we affirm.

Following the 2012 open-competitive examination for the title of Forensic Scientist I, LPS, Delaney was tied with one other person at rank 19 on a list of 36 eligibles. Although the posting announcing the examination stated only thirteen positions were available, Delaney's name was included on three different certifications issued by the Commission. See N.J.A.C. 4A:4-4.2(a). Each time, however, the Department of Law and Public Safety, the appointing authority, selected one of the other names on the certification pursuant to the "Rule of Three." See N.J.S.A. 11A:4-8. Those individuals received regular appointments effective December 15, 2012.

Delaney filed a grievance claiming she was more qualified than two other individuals hired off the list, one ranked 17 and the other 22, that she was advised that she could not resign from her current title of Senior Laboratory Technician and be re-hired as a Forensic Scientist I (a "resignation/pickup"), although this was done for another individual on the list, and that the Director of the Office of Forensic Science and the Chief Forensic Scientist told her she had been approved for promotion to Forensic Scientist I but she had "received nothing in writing." Delaney requested she be promoted to Forensic Scientist I retroactive to the date "that the other individuals on the list were hired" with an appropriate salary adjustment.

Delaney and the Department settled her grievance with an agreement providing she would be provisionally appointed, pending promotional procedures, to Forensic Scientist I effective March 23, 2013, and would receive a regular appointment to the title effective April 3, 2014. The parties further agreed that Delaney's complaints about the Department's failure to appoint her from the eligibility list with a resignation/pickup and her request for a retroactive appointment would remain open pending a determination by the Commission.

Delaney received provisional and regular appointments pursuant to the agreement and appealed the grievance determination through her union to the Commission. Delaney's union representative argued the Department's denial of a resignation/pickup resulted in Delaney's promotion being delayed three months and because "her permanent date is not the same as the other newly hired employees, this creates a severe disadvantage in title seniority and eligibility for the next promotional Forensic Scientist 2 position." The union also asserted Delaney "was placed in the first step of Range 25 because the appointment was considered a promotion," while other new hires were placed in higher steps. The union argued that had Delaney "been granted the resignation/pickup, she would have the same seniority date as the other 19 individuals and would

have been placed in a higher step of the range." The union stated it was "appealing to the Commission to relax any rule that would allow Ms. Delaney's appointment to the Forensic Scientist I title be retroactive with pay to the same permanent date as the other employees hired off the open competitive list on December 15, 2012 and be placed in step 3 of Range 25."

The Commission denied Delaney's appeal. First, the Commission explained that even had Delaney been appointed from the eligible list, N.J.A.C. 4A:3-4.9 and N.J.A.C. 4A:4-7.9(a) establish that she would be treated as if she were being promoted, resulting in a salary increase equal to at least one increment in the salary range of her old title plus the amount necessary to place her on the next higher step in the new range; that is, step one of salary range 25, exactly as calculated. Thus, the Commission explained, Delaney would have received the exact same salary even had she been appointed off the open competitive list as a resignation/pickup.

Second, the Commission found no basis for a retroactive appointment under N.J.A.C. 4A:4-1.10(c). The Commission explained that retroactive appointment authorized by regulation is reserved for two particular situations: where the employee was actually serving in and performing the duties of the title but due to some error or other good cause, her attainment of

permanent status was delayed or hindered; or where an employee, "whose appointment would have otherwise been mandated, was improperly removed from or bypassed on an eligible list, thereby preventing" her appointment. The Commission found nothing to suggest Delaney was performing the duties of a Forensic Scientist I prior to her provisional appointment.

The Commission also found no evidence to support Delaney's claim she was improperly bypassed on the eligible list. Although acknowledging Delaney's assertion that she was "better qualified" than other individuals selected, the Commission noted that N.J.S.A. 11A:4-8, N.J.S.A. 11A:5-7 and N.J.A.C. 4A:4-4.8(a)(3)(ii) expressly permit an appointing authority to select from among the top three interested eligibles on an open competitive or promotional list, provided no veteran heads the list. The Commission further noted that at the time of these events, N.J.A.C. 4A:4-4.8 no longer required an appointing authority to even explain its reasons for choosing a lower ranked eligible from the certification.[1] See 44 N.J.R. 137(a) (Jan. 17, 2012); 44 N.J.R. 1333(b) (May 7, 2012). Finding Delaney had not carried her burden to show she was improperly bypassed on the eligible list and was not entitled to a

---

[1] The Commission amended N.J.A.C. 4A:4-4.8 to delete the requirement of a statement of reasons, effective May 7, 2012.

retroactive appointment or higher salary, the Commission denied Delaney's appeal. The Commission subsequently denied Delaney's request for reconsideration, finding she "merely reiterate[d] her [prior] arguments."

Delaney appeals, arguing she was improperly bypassed on the open competitive list, the Commission's denial of a retroactive date for her appointment was arbitrary and capricious and she is entitled to a "plenary hearing on genuine issues of material fact raised by appellant's appeals." Our review of the record convinces us that none of these arguments is of sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

Our role in reviewing the decision of an administrative agency is, of course, limited. In re Carter, 191 N.J. 474, 482 (2007). We accord a strong presumption of reasonableness to an agency's exercise of its statutorily delegated responsibility, City of Newark v. Nat. Res. Council, Dep't of Envtl. Prot., 82 N.J. 530, 539, cert. denied, 449 U.S. 983 (1980), and "give great deference to an agency's interpretation of statutes within its scope of authority and its adoption of rules implementing the laws for which it is responsible," Hargrove v. Sleepy's, LLC, 220 N.J. 289, 302 (2015) (internal quotation marks omitted). We will not upset the determination of an

administrative agency absent a showing it was arbitrary, capricious, or unreasonable; that it lacked fair support in the evidence; or it violated legislative policies. In re Stallworth, 208 N.J. 182, 194 (2011); Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963).

Applying those standards here, we find no basis to reverse the Commission's decision. Delaney does not contest the Commission's analysis of the regulations that establish her salary would have been exactly the same whether hired off a promotional list pursuant to a grievance settlement as she was or off the open competitive list on which she ranked 19 of 36 eligibles. The delay in her appointment did not adversely affect her eligibility to sit for the promotional examination for Forensic Scientist 2 with the employees hired off the open competitive list. None of those appointed had the one year in title required when the announcement for Forensic Scientist 2 was made in September 2013 and there was no further announcement for the title during any period in which she would have been at a disadvantage vis-á-vis those employees appointed three months before she was.

As for her claim that the record contains no "substantive explanation by the Department or the Commission as to why the Department bypassed [Delaney] on the open competitive list and

then agreed to hire her in the title by means of a 'promotion'" via a grievance settlement, none was required. Delaney acknowledges the law is well settled that "[n]o right accrues to a candidate whose name is placed on an eligible list," In re Foglio, 207 N.J. 38, 44 (2011), and that "the 'rule of three' accommodates the exercise of a broad discretion in hiring," Terry v. Mercer Cty. Bd. of Chosen Freeholders, 86 N.J. 141, 150 (1981). We agree with the Commission that Delaney failed to carry her burden to establish the Department unlawfully failed to appoint her from the eligibility list entitling her to a retroactive appointment. See N.J.A.C. 4A:2-1.4(c). The issues being legal ones, and Delaney having never requested an evidentiary hearing, we find no error in the Commission's decision to hear the matter on the written record. See N.J.A.C. 4A:2-1.1(d); In re Wiggins, 242 N.J. Super. 342, 345 (App. Div. 1990).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1649-16T2