**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0382-17T4

IN THE MATTER OF
RICHARD LISOWSKI,
FIRE FIGHTER (M1563T),
PATERSON.

Argued January 30, 2019 – Decided May 6, 2019

Before Judges Alvarez and Reisner.

On appeal from the New Jersey Civil Service Commission, Docket No. 2017-2961.

Maurice W. Mc Laughlin argued the cause for appellant Richard Lisowski (Mc Laughlin & Nardi, LLC, attorneys; Maurice W. Mc Laughlin and Robert K. Chewning, on the briefs).

Debra Allen, Deputy Attorney General, argued the cause for respondent Civil Service Commission (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Debra Allen, on the brief).

PER CURIAM

Richard Lisowski appeals the August 21, 2017 Civil Service Commission

final decision regarding his challenge to the administration of a section of the

physical performance portion (PPT) of the City of Paterson fire fighters' examination. We affirm.

Briefly stated, Lisowski passed two elements of the PPT, but did not qualify in the third, the "darkened maze" section. The center supervisor's report summarizing the administration of the test to him includes the following: the monitor said that she "read all instructions in full. She stated that she asked [Lisowski] if he was ready, waited for a response, and then gave him the command of 'ready go' and started the clock."

Lisowski, to the contrary, contends that once in the maze, he heard the monitor say, "ready, set, go," and, to ensure he would not be disqualified by beginning early, responded by asking "when you say 'go,' I go correct?" Lisowski claims the phrase "ready, set, go" confused him as the PPT pretest materials state the command is "ready, go." The monitor did not answer his inquiry, only repeated, "ready, set, go," at which point he moved forward and began that portion of the test.

Petitioner also contends the monitor started the timer at the first command. Since he delayed moving until the second command, he was prejudiced and thus failed the test by 3.5 seconds. Lisowski believes he completed the test within the allotted permissible time frame. Lisowski's appeal to the Commission

included an alternative request for a hearing in the Office of Administrative Law (OAL), back pay, counsel fees, and costs.

The Commission's final decision noted that "[e]xamination issues are resolved by the Commission by a review of the written record." The Commission transfers appeals to the OAL when it "determines that a material and controlling dispute of fact exists which can only be resolved through a hearing." See N.J.A.C. 4A:2-1.1(d).

The Commission reviewed the instructions for the administration of the test, and said that the script requires the monitor to start the stopwatch only after an affirmative response from the examination candidate that he or she is ready. Additionally,

> monitors do not have a conversation with the candidates when they are in the maze. They merely ask them if they are ready and if they hear response that is not "no," they give the command to go. According to the [c]enter [s]upervisor notes the monitor indicated that she asked [Lisowski] if he was ready, waited for a response that was not in the negative, and then gave him the command of "[r]eady go" and started the clock.

The Commission found, based on the center supervisor's report, that the monitor followed the script, and started the clock after the second "go." In the Commission's view, Lisowski was not treated differently than any other candidate, and even if he were confused, the monitor did not start the stopwatch

3

after the initial command, or while he was talking. Therefore, the Commission held no material dispute of fact had been presented which would warrant a hearing.

The Commission did not agree the test was administered out of order. The decision stated that the order was within the discretion of the examiner.

The Commission rejected Lisowski's claim for "back pay, costs, counsel fees, or any other relief[]" because he was not entitled to any earnings, as he was not employed at the time: those "whose names merely appear on a list do not have a vested right to appointment."[1]

When reviewing agency action, we apply a deferential standard. It is sustained unless arbitrary, capricious, or unreasonable, unsupported by the substantial credible evidence in the record as a whole, is offensive to the federal or state constitution, or inconsistent with the agency's legislatively mandated mission. J.B. v. N.J. State Parole Bd., 229 N.J. 21, 43 (2017).

In this case, no testimony was taken by the agency, but the proofs included the center supervisor's contemporaneous record of the monitor's recollection of

---

[1] Petitioner did not raise the issue of damages in his brief. We presume an issue is abandoned if not briefed. See R. 2:6-2(a)(6); Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2(2018) ("It is, of course, clear that an issue not briefed is deemed waived.").

4

the manner in which she administered the test. In contrast, Lisowski's factual version was based on his imperfect knowledge of what occurred. Lisowski could not see when the monitor pressed the timer. He extrapolated from the seconds by which he failed to qualify that she pressed the timer on the first command. Lisowski has the burden of establishing that the Commission's decision was arbitrary, capricious, unreasonable, or lacking in support. N.J.A.C. 4A:2-1.4; Karins v. City of Atlantic City, 152 N.J. 532, 540 (1998). His speculation as to the actions of the monitor does not carry the burden.

Appeals are typically decided on the written record, without a hearing. See N.J.S.A. 11A:2-6(b); N.J.A.C. 4A:4-6.4(f); N.J.A.C. 4A:2-1.1(d). Under N.J.A.C. 4A:2-1.1(d), "[e]xcept where a hearing is required by law, this chapter or N.J.A.C. 4A:8, or where the Civil Service Commission finds that a material and controlling dispute of fact exists that can only be resolved by a hearing, an appeal will be reviewed on a written record" (emphasis added).[2] N.J.A.C. 4A:2-1.1 does not require a hearing in the case of a candidate's appeal of the Commissioner's examination results. It is the agency's prerogative to assess whether there is a "material and controlling dispute of fact" requiring a hearing.

---

[2] N.J.A.C. 4A:8 concerns public employees who are laid off.

A-0382-17T4

When the Commission does not grant an appellant a hearing, the decision is reviewed under an abuse of discretion standard.  In the Matter of Wiggins, 242 N.J. Super. 342, 345 (App. Div. 1990).  "The determination whether such a situation exists is one committed to the discretion of the [agency], and its decision will be affirmed unless it goes beyond the range of sound judgment." Ibid.  Courts are particularly reluctant to interfere with the examination process, which is the legislatively delegated responsibility of the agency.  See N.J.S.A. 11A:1-1; Brady v. Dep't of Pers., 149 N.J. 244, 256-57 (1997).  Because administering tests like the PPT is highly technical and specific to the employment position, courts will intervene only when a petitioner can show the process was manifestly corrupt, arbitrary, capricious, or conspicuously unreasonable.  See Kelly v. Civil Serv. Comm'n, 37 N.J. 450, 460 (1962).  We see no abuse of discretion in the Commission's decision not to transfer the matter to the OAL for hearing.  Based on the record, there was no material dispute of fact requiring such a proceeding.

Additionally, Lisowski did not present any proof, other than his subjective belief based on his review of pretest materials, that the test had to be administered in a particular order.  All of the candidates for the position of fire

fighter for the City of Paterson, including Lisowski, were asked to complete the exam in the same way—and the examiner was not bound to do otherwise.

Simply stated, the administration of these tests is highly specific to the position the applicant seeks. Lisowski has not demonstrated that the process was manifestly corrupt, arbitrary, capricious, or conspicuously unreasonable. See Kelly, 37 N.J. at 460.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0382-17T4