**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1323-18T1

IN THE MATTER OF
ALGENORIA SIMPSON,
POLICE SERGEANT (PM4108N),
EAST ORANGE

_____

Submitted June 2, 2020 – Decided July 14, 2020

Before Judges Fisher and Gilson.

On appeal from the New Jersey Civil Service Commission, Docket No. 2019-253.

Caruso Smith Picini PC, attorneys for appellant (Timothy Richard Smith, of counsel; Sara B. Liebman on the letter briefs).

Office of the Corporation Counsel, attorneys for respondent City of East Orange (Aaron Mizrahi, Assistant Corporation Counsel, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Algenoria Simpson appeals from a final agency determination by the Civil Service Commission (the Commission) upholding a decision by the City of East Orange (the City) to bypass Simpson on the list of eligible police sergeants because Simpson was on leave. Simpson also appeals from the denial of his motion for reconsideration, in which he argued for the first time that the matter should be referred to the Office of Administrative Law (OAL) for a contested hearing. We affirm.

Simpson is a police officer employed by the City's Police Department. On September 28, 2017, the City issued an eligibility list for the position of police sergeant, and Simpson was listed sixteenth. Less than a month later, on October 23, 2017, Simpson was injured and shortly thereafter took leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 to 2654. On November 8, 2017, while Simpson was on leave, the City promoted several police officers to the position of sergeant, bypassing Simpson. The officers who were promoted had been listed one through twelve, fifteen, eighteen, and nineteen on the eligibility list.[1]

---

[1] In its decision the Commission states that the City made twelve permanent appointments but identified fifteen eligible persons who were promoted.

A-1323-18T1

Simpson appealed his bypass to the Commission. In response, the City represented that Simpson had been bypassed because he was on leave and therefore was unavailable on November 8, 2017, and the City had a need, based on public safety, to make promotions at that time.

On May 31, 2018, the Commission issued a final decision denying the bypass appeal and finding that the City's reasons were legitimate. As part of that finding, the Commission determined that Simpson was a non-veteran for purposes of the appointment.[2] Therefore, the Commission found that the Rule of Three applied. That rule allows an appointing authority, such as the City, to use its discretion to select any of the top three eligible persons on a promotion list. See In re Foglio, 207 N.J. 38, 45 (2011) (first citing N.J.S.A. 11A:4-8; then citing N.J.A.C. 4A:4-4.8(a)(3)). The Commission also found that there was no dispute that Simpson was not available for the appointment on November 8, 2017.

Simpson moved for reconsideration and argued, for the first time, that the City's reasons were pretextual because in the past employees on leave had been

---

[2] The Commission found that although Simpson had served in the military, he did not establish veteran preference because he did not serve during a qualifying period. Simpson does not challenge that part of the Commission's ruling on this appeal.

promoted. The Commission rejected that argument finding that Simpson offered no support for his contention. The Commission also declined to refer the matter to the OAL for a hearing.

On appeal, Simpson makes two arguments: (1) the Commission erred in accepting the City's position that it had legitimate reasons to bypass Simpson because he was on leave; and, alternatively, (2) there are disputed facts concerning the City's reasons for the bypass and the City's alleged past practice of promoting persons on leave and, therefore, the matter should be remanded for a contested hearing. We reject both these arguments.

Our review of a final administrative agency decision is limited. Stein v. Dep't of Law & Pub. Safety, 458 N.J. Super. 91, 99 (App. Div. 2019) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). We will "uphold an agency's decision 'unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" J.B. v. N.J. State Parole Bd., 229 N.J. 21, 43 (2017) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). In evaluating whether a decision was arbitrary, capricious, or unreasonable, we examine:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which

> the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

Moreover, a court is "obliged to give due deference to the view of those charged with the responsibility of implementing legislative programs." In re Reallocation of Prob. Officer, 441 N.J. Super. 434, 444 (App. Div. 2015) (quoting In re N.J. Pinelands Comm'n Res. PC4–00–89, 356 N.J. Super. 363, 372 (App. Div. 2003)).

The Commission found that Simpson was not available for appointment because he was on leave and the City did not want to wait to make the appointment because of public safety concerns. In making that finding, the Commission pointed out that an eligible person can be removed from a list if they are not available for appointment. N.J.A.C. 4A:4-4.7(a)(3).

We discern nothing arbitrary, capricious, or unreasonable in the Commission's determination. "No right accrues to a candidate whose name is placed on an eligibility list." In re Foglio, 207 N.J. at 44 (citation omitted). "'[T]he best that can be said' of a candidate on an eligible list is that he has 'a right to be considered for appointment.'" Id. at 44-45 (alteration in original)

(quoting Nunan v. N.J. Dep't of Pers., 244 N.J. Super. 494, 497 (App. Div. 1990)). Under the FMLA, Simpson had no right to a promotion while on leave. Instead, the FMLA guaranteed that when he returned from leave, he would be restored to his prior or an equivalent position. 29 U.S.C. § 2614(a)(1); James v. Hyatt Regency Chicago, 707 F.3d 775, 780 (7th Cir. 2013) (citation omitted); Bosse v. Balt. Cty., 692 F. Supp. 2d 574, 581 (D. Md. 2010) (citations omitted).

The FMLA also states: "Nothing in [29 U.S.C. § 2614] shall be construed to entitle any restored employee to . . . any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." 29 U.S.C. § 2614(a)(3)(B). Accordingly, while an employer cannot use the taking of FMLA leave as a negative factor in a promotion decision, 29 C.F.R. § 825.220(c) (2020), nothing in the FMLA entitles an employee to a promotion while on leave. See Freeman v. Koch Foods of Ala.,777 F. Supp. 2d 1264, 1289-91 (M.D. Ala. 2011) (holding that FMLA retaliation claims for failure to promote failed because the employer supported its promotional actions with legitimate, non-discriminatory reasons).

Simpson argues that the City submitted a letter from a human resources manager to establish the reasons for its promotional actions. Simpson, however,

failed to dispute that letter before the Commission issued its final decision on May 31, 2018. Instead, it was only on reconsideration that Simpson claimed that the City's reasons were pretextual and asserted that the City had previously promoted people even when they were on FMLA leave.[3]

The Commission rejected Simpson's request for reconsideration finding that it did not meet the standard for reconsideration under N.J.A.C. 4A:2-1.6(b) and Simpson provided no evidence that the City had promoted people on leave. In that regard, the Commission pointed out that in asking for reconsideration Simpson speculated, without any factual support, that the City's reasons were pretextual.

We discern nothing arbitrary, capricious, or unreasonable in the Commission's decision to deny reconsideration and a hearing. The Commission correctly determined that Simpson failed to meet the standard for reconsideration under N.J.A.C. 4A:2-1.6(b). Moreover, the Commission had the authority to determine whether there existed a "material and controlling dispute

---

[3] Simpson points out that the Commission had consolidated his matter with another officer's bypass appeal and that officer had claimed before the Commission that other people had been promoted while on leave. The Commission rejected that claim because the other officer did not provide the Commission with any factual support. Moreover, the other officer's assertion does not mean that Simpson raised the issue before the Commission.

of fact" that required a hearing.  <u>In re Wiggins</u>, 242 N.J. Super. 342, 345 (App. Div. 1990) (quoting N.J.A.C. 4A:2-1.1(d)).  "The determination [of] whether [a material dispute of fact] exists is one committed to the discretion of the [Commission], and its decision will be affirmed unless it goes beyond the range of sound judgment."  <u>Ibid.</u>

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1323-18T1