**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0447-23

IN THE MATTER OF YVONNE
ZIRRITH, SHERIFF'S OFFICER
LIEUTENANT (PC1557A),
MIDDLESEX COUNTY
SHERIFF'S OFFICE.

_____

Argued December 17, 2024 – Decided January 31, 2025

Before Judges Smith and Vanek.

On appeal from the New Jersey Civil Service Commission, Docket Nos. 2023-1734 and 2024-189.

Daniel J. Zirrith argued the cause for appellant Yvonne Zirrith (Law Offices of Daniel J. Zirrith, LLC, attorneys; Daniel J. Zirrith, of counsel and on the briefs; Edward H. Kerwin, on the briefs).

Kyle J. Trent argued the cause for respondent Middlesex County Sheriff's Office (Apruzzese, McDermott, Mastro & Murphy, PC, attorneys; Kyle J. Trent, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Civil Service Commission (Charles A. Shadle, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Yvonne Zirrith appeals from the Civil Service Commission's (the Commission) June 7, 2023 final agency order affirming the Middlesex County Sheriff's Office's (the MCSO) decision to bypass her and remove her from the list of candidates eligible for appointment to the rank of lieutenant, along with the Commission's order denying reconsideration. Based on our review of the record and the applicable legal principles, we affirm.

I.

We discern the material facts from the record before the Commission. Zirrith had been on active or reserve duty with the United States Navy for approximately thirty-three years, ending her career as a lieutenant commander with twenty-two military awards and classified as a disabled veteran.[1] After concluding her naval career, she was hired as a Middlesex County Sheriff's Officer and was promoted to the rank of sergeant in 2018. Three years later, she took the promotional examination for the lieutenant position.

The Commission issued a Middlesex County Sheriff's Office Eligible List (the Eligible List) certifying Zirrith and five other candidates for potential

---

[1] There are no details in the record as to the nature of the disability classification, nor is that information relevant to our determination.

A-0447-23

appointment to the rank of lieutenant.[2]  The first three candidates on the Eligible List in descending order were:  D.S., Zirrith, and T.S.[3]  Both D.S. and T.S. were non-veterans.  The MCSO appointed T.S., the third positioned candidate and a non-veteran, to the rank of lieutenant.

Zirrith appealed the MCSO's decision to appoint T.S., arguing D.S. should not have been designated first on the Eligible List because he was demoted the day before that list was released.  Relying on N.J.A.C. 4A:4-4.8(a) and N.J.A.C. 4A:5-2.2(c), Zirrith maintained that her appointment was mandatory because, after D.S. was removed, she was the first veteran candidate on the Eligible List.

The Commission's Division of Appeals and Regulatory Affairs directed the MCSO to articulate why Zirrith was bypassed to appoint T.S.  The MCSO explained it acted in accordance with prevailing law by appointing T.S., relying on D.S.'s demotion and Zirrith's prior disciplinary history as grounds for bypassing them.  The MCSO also argued in the alternative that, even if

---

[2]  A prior list, not the subject of this appeal, included Zirrith and three other candidates.

[3]  Neither party provided names of the other individuals on the Eligible List, identifying them only by initials.

A-0447-23

Zirrith was the first candidate, it "may have pursued list removal given [Zirrith's] adverse employment history," citing N.J.A.C. 4A:4-4.7(a)(1) and N.J.A.C. 4A:4-6.1(7).

The MCSO relied on Undersheriff Kevin Harris's certification explaining a candidate's experience, disciplinary history, and work performance are considered when deciding whom to appoint. Harris stated a major disciplinary action against Zirrith in 2012 underpinned the MCSO's decision not to appoint her as lieutenant, despite recent positive evaluations.

Zirrith posited that her disciplinary history did not provide a "reasonable basis for [the MCSO] to remove her name from [the Eligible List] . . .", arguing the MCSO improperly relied on certain disciplines contrary to the terms of the Collective Negotiations Agreement between Middlesex County and the Middlesex County Sheriff's Superior Officers Association, P.B.A. Local 165A (the CNA).

The Commission denied Zirrith's appeal and removed her from the Eligible List (the June 7 decision), after finding "Zirrith ha[d] been provided notice on appeal of the appointing authority's request to remove her name from the subject promotional Eligible List, the basis for that request, and an opportunity to respond." The Commission found it could evaluate Zirrith's

entire employment history since it was not bound by the CNA and determined "Zirrith's employment record [was] adverse to the position sought due to the high standards for law enforcement officers," citing Moorestown v. Armstrong, 89 N.J. Super. 560, 566 (App. Div. 1965), certif. denied, 47 N.J. 80 (1966) and In re Phillips, 117 N.J. 567 (1990).

Zirrith's employment history consisted of a major discipline, three minor disciplines, and one event requiring counseling. The major discipline stemmed from a November 29, 2012 incident where Zirrith left her duty weapon in a courthouse restroom and admittedly lied about its whereabouts. Zirrith accepted a forty-five-day suspension under the terms of a settlement agreement to resolve that disciplinary action.

Zirrith's minor discipline related to incidences in 2011, 2013, 2017, and 2022, resulting in written reprimands and mandatory counseling. Zirrith received a written reprimand in 2011 for using offensive and derogatory names against another officer. When Zirrith's service badge was found outside her possession in 2013 she did not report it missing, resulting in a written reprimand and mandatory counseling. In 2017, Zirrith was given a written reprimand and was required to review the motor vehicle stop and MVR

A-0447-23

operation policies after she failed to initiate a proper motor vehicle stop.[4] Zirrith was ordered to mandatory counseling resulting from a 2022 incident when she failed to inquire further after being advised her weapon was not serviceable.

The Commission denied Zirrith's request to reconsider its June 7 decision pursuant to N.J.A.C. 4A:2-1.6, finding Zirrith "had a full opportunity to respond to the reasons for her removal . . . ."  The Commission was unpersuaded by Zirrith's arguments that the CNA precluded review of her entire disciplinary history, finding:

> [T]he CNA only indicates that counseling and written reprimands cannot be considered for progressive discipline, which is not relevant as this matter was originally presented as a list bypass and is now a list removal, which are not disciplinary actions.  Moreover . . . the Commission is not a party to the CNA, and it is the public's interest for it [to] make a determination based on a complete record.

The Commission determined Zirrith's disciplinary record was "insufficient for a higher-level law enforcement position, lieutenant, where incumbents supervise, evaluate, train and provide guidance to subordinate Sheriff's Officer personnel."  Even setting aside each of the minor disciplines,

---

[4]  The acronym "MVR" is not defined in the record.

the Commission found it "may have removed [Zirrith] from the subject eligible [list] solely on the basis of the November 2012 45-day suspension where she agreed that she was untruthful."

The Commission also denied Zirrith's request for a hearing, finding "there are no material and controlling disputes of fact . . . that can only be resolved by a hearing." Zirrith's request for attorney's fees under N.J.A.C. 4A:2-2.12 was denied since she was not a prevailing party. This appeal followed.

## II.

Under our limited scope of review, we conclude the Commission's decisions to deny Zirrith's appeal, remove her from the Eligible List, and reject her request for reconsideration were not arbitrary, capricious, or unreasonable. See Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). Our analysis follows.

## A.

The standard of review applicable to the determination of an administrative agency, including the Commission, is whether there has been "a showing that it was arbitrary, capricious[,] or unreasonable, or that it lacked

A-0447-23

fair support in the evidence, or that it violated legislative policies expressed or implicit in the civil service act." In re Hendrickson, 235 N.J. 145, 160 (2018) (quoting State v. Roth, 95 N.J. 334, 364 (1984)). The judicial role in reviewing an administrative action is generally limited to three inquiries:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;
>
> (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and
>
> (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars, 234 N.J. at 157 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

This well-known standard has engrained within it a degree of deference that prohibits us from substituting our judgment for the agency's merely because we might have come to a different outcome. See Hendrickson, 235 N.J. at 150.

Additionally, "a strong presumption of reasonableness attaches to the actions of the administrative agencies." In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div.

A-0447-23

1993), aff'd, 135 N.J. 306 (1994)). However, "we are in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue . . ." since our review of a legal determination is de novo. In re Langan Eng'g. & Env't Servs., Inc., 425 N.J. Super. 577, 581 (App. Div. 2012).

B.

The Commission regulations governing appointment to civil service positions are codified in N.J.A.C. 4A:4-1 to -7.12. When an appointing authority receives a list of eligible candidates, it must:

> 3. Appoint one of the top three interested eligibles (rule of three) from an open competitive or promotional list, provided that:
>
>> i. Disabled veterans and then veterans shall be appointed in their order of ranking from an open competitive list;
>>
>> ii. If the eligible who ranks first on a promotional list is a veteran, then a non-veteran may not be appointed;
>>
>> . . . .
>
> [N.J.A.C. 4A:4-4.8(a)(3)(i)-(iii).]

N.J.A.C. 4A:5-2.2(f) proscribes the circumstances where the veteran may or must be offered the appointment in the instance of a single vacancy:

> 1. Veteran 2. Non-Veteran 3. Non-Veteran
> Veteran must be offered the appointment.

9

1. Veteran 2. Non-Veteran 3. Veteran
Either (1) or (3) must be offered the appointment.

1. Non-Veteran 2. Veteran 3. Non-Veteran
Either (1), (2) or (3) may be offered the appointment.

. . . .

If an appointing authority attempts to bypass a veteran and appoint a non-veteran in violation of N.J.A.C. 4A:4-4.8(a)(3)(ii) and N.J.A.C. 4A:5-2.2(c), the veteran has "standing to challenge the hiring decision of the appointing authority, and may appeal to the Commission" pursuant to N.J.A.C. 4A:2-1.1. In re Foglio, 207 N.J. 38, 47 (2011).

Normally, "[t]he burden of proving unlawful, arbitrary, or capricious action is on the appellant." Ibid. (citing N.J.A.C. 4A:2-1.4(c)). However, an appointing authority attempting to bypass a veteran for a non-veteran on a veteran-headed list must "show[] cause why the veterans should be removed from the promotional list." N.J.A.C. 4A:5-2.2(c).

The appointing authority may disqualify a candidate for a multitude of reasons, including "prior employment history which relates adversely to the title . . . ." N.J.A.C. 4A:4-6.1(a)(7). The appointing authority also "retains discretion to bypass a higher-ranked candidate for any legitimate reason based upon the candidate's merit." Foglio, 207 N.J. at 47; N.J.A.C. 4A:4-4.8(b)(4).

10

We are unpersuaded the Commission was precluded from reviewing Zirrith's disciplinary records under the CNA. As the Commission is not a party to the CNA, it permissibly considered Zirrith's entire employment history since the public interest is served by a determination predicated on a complete record. The CNA language in Article 16 does not limit the Commission from considering discipline records removed from a personnel file in determining whether candidates are eligible for promotion, especially to a high-level law enforcement position.[5]

## C.

Considering the nature of the higher-level law enforcement position at issue and the proofs before the Commission, we conclude the MCSO's decision to bypass Zirrith and the Commission's removal of Zirrith from the Eligible List based on her disciplinary history was not arbitrary, capricious, or unreasonable.

---

[5] CNA Article 16 states that all "negative performance notices, oral reprimands and written reprimands will be removed from the Superior Officer's personnel file or training file twelve (12) months from the date of entry provided no other similar negative performance notice or reprimand follows within said twelve (12) month period." Once removed, the "items shall not be used for progressive discipline purposes."

When read in harmony, N.J.A.C. 4A:4-4.7(a)(1) and N.J.A.C. 4A:4-6.1(a)(7)[6] permit removal of a candidate on the basis of "prior employment history which relates adversely to the title[.]" The MCSO's decision to bypass both the first-ranked non-veteran, D.S., and the second-ranked veteran, Zirrith, to appoint the third-ranked non-veteran, T.S., complied with N.J.A.C. 4A:5-

---

[6] N.J.A.C. 4A:4-4.7(a) states

> (a) The name of an eligible may be removed from an eligible list for any of the following reasons:
>
> > 1. The causes for disqualification listed in N.J.A.C. 4A:4-6.1;
> > . . . .

N.J.A.C. 4A:4-6.1 states in pertinent part:

> (a) A person may be denied examination eligibility or appointment when he or she:
>
> > . . . .
>
> > 7. Has a prior employment history which relates adversely to the title;
>
> > . . . .

A-0447-23

2.2(d) [7] and (f), since any of the three candidates "may be offered the appointment." (emphasis added).

Even if D.S. was not considered the first candidate on the Eligible List due to his demotion, Zirrith's bypass and removal was not arbitrary, capricious or unreasonable since her disciplinary history was "adverse to the position sought due to the high standards for law enforcement officers." Moorestown, 89 N.J. Super. at 566 ("[A] police officer is a special kind of public employee . . . [they] represent[] law and order to the citizenry and must present an image of personal integrity and dependability in order to have the respect of the public . . . ."); see also In re Ambroise, 258 N.J. 180, 202 (2024) ("Dismissal of an officer is especially warranted for those infractions that [go] to the heart of the officer's ability to be trusted to function appropriately in his position.").

Although the Commission was entitled to consider the full gamut of Zirrith's employment history, including all disciplines, reprimands, and counseling along with her accolades and favorable employment reviews, we conclude there was no error in the Commission's finding that the 2012 major discipline alone substantiates bypass and removal from the Eligible List.

---

[7] "When a single vacancy is to be filled from a promotional certification headed by a non-veteran, any reachable eligible may be appointed in accordance with the 'rule of three.'" N.J.A.C. 4A:5-2.2(d).

Zirrith's major discipline involved admitted untruthfulness about the location of her duty weapon, which informs the MCSO's decision to trust Zirrith will function appropriately in a high-ranking law enforcement position. Zirrith's argument that the 2012 major discipline was insufficient to justify removal from the Eligible List because she had been promoted to the rank of sergeant in 2018 is unsupported by any binding legal authority.

D.

We are unpersuaded that any perceived procedural defect in Zirrith's removal from the Eligible List warrants a ruling in her favor.

The parties posited substantive arguments to the Commission as to Zirrith's removal from the Eligible List. After considering the parties' submissions on the issue, the Commission found that "[Zirrith] [was] provided notice on appeal of the appointing authority's request to remove her name from the subject promotional Eligible List, the basis for the request, and an opportunity to respond." Similarly, the Commission found that "the appointing authority did indicate that if it did not bypass her, it would have removed her, which should have put [Zirrith] on notice that the appointing

14

authority was seeking her removal if it was determined that she could not be bypassed under the [r]ule of [t]hree."[8]

Even where, as here, the appointing authority does not file a formal application for removal, the Commission is permitted to sua sponte remove a candidate from an eligible list based on adverse employment history. See N.J.A.C. 4A:4-4.7(a); N.J.A.C. 4A:4-6.1(a)(7). Since Zirrith's 2012 major discipline involved admitted untruthfulness impacting her suitability to hold a

---

[8] The "[r]ule of [t]hree" refers to N.J.A.C. 4A:4-4.8(a)(3)(i)-(iii) which states

(a) Upon receipt of a certification, an appointing authority shall take whichever of the following actions is appropriate when a permanent appointment is to be made:

. . . .

3. Appoint one of the top three interested eligibles (rule of three) from an open competitive or promotional list, provided that:

i. Disabled veterans and then veterans shall be appointed in their order of ranking from an open competitive list;

ii. If the eligible who ranks first on a promotional list is a veteran, then a non-veteran may not be appointed; and

iii. See N.J.A.C. 4A:4-2.15(i) for tie scores.

higher-level law enforcement position, we discern no error in the Commission's sua sponte removal.

III.

We discern no error in the Commission's discretionary decision to deny Zirrith's motion for reconsideration on the papers, without oral argument. See N.J.A.C. 4A:2-1.1(d) (providing in pertinent part, "[e]xcept where a hearing is required by law, this chapter or N.J.A.C. 4A:8, or where the [Commission] finds that a material and controlling dispute of fact exists that can only be resolved by a hearing, an appeal will be reviewed on a written record"); see also In re Wiggins, 242 N.J. Super. 342, 345 (App. Div. 1990) (holding the appointing authority "is not required by statute to hold a hearing in a matter like this one, but may decide it on the basis of a review of the written record").

A party petitioning the Commission for reconsideration "must show . . . new evidence or additional information not presented at the original proceeding, which would change the outcome and the reasons that such evidence was not presented at the original proceeding; or [t]hat a clear material error has occurred." N.J.A.C. 4A:2-1.6(b)(1)-(2). Finding no error in the Commission's June 7 decision and no new evidence was submitted on

16

reconsideration that could not have been previously presented, we affirm the Commission's denial.

To the extent we have not addressed any of Zirrith's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0447-23