**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0901-20

IN THE MATTER OF ZORAIDA
ROSA, HUMAN SERVICE
SPECIALIST 2, BILINGUAL
SPANISH/ENGLISH (PC1879U),
CUMBERLAND COUNTY.

_____

Argued December 9, 2021 – Decided December 20, 2021

Before Judges Alvarez and Haas.

On appeal from the New Jersey Civil Service Commission, Docket No. 2020-739.

Carl N. Tripician argued the cause for appellant Zoraida Rosa.

Theodore E. Baker, Assistant County Counsel, argued the cause for respondent County of Cumberland (John G. Carr, Cumberland County Counsel, attorney; Melissa D. Strickland, Assistant County Counsel, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent New Jersey Civil Service Commission (Debra A. Allen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Zoraida Rosa challenges the Civil Service Commission's October 21, 2020 final decision, denying her appeal from Cumberland County's decision to bypass her on the list of eligible candidates for promotion to the position of Human Service Specialist 2, Bilingual Spanish/English. Rosa was the first listed eligible. The County selected the second, third, fifth, and sixth ranked eligibles after removing the fourth ranked eligible.

Rosa contends the County failed to adequately state its reasons for bypassing her, as required by In re Foglio, 207 N.J. 38 (2011). She also asserts the County should have provided additional documentation to the Commission concerning the personnel records and qualifications of the four successful candidates. We affirm.

Rosa worked for the County as a Human Services Specialist 1. She applied for a promotion to a Human Service Specialist 2, Bilingual Spanish/English position. Rosa completed the examination and the Commission placed her on the promotion list. Rosa ranked first out of six eligible candidates.

Despite this ranking, the County invoked the "Rule of Three" and bypassed Rosa to promote instead the candidates ranked second, third, fifth, and sixth on the list. On August 16, 2019, the County's Director of the Division of

Social Services sent Rosa a letter explaining the Director's reasons not to select her for the position.

On September 6, 2019, Rosa appealed the County's decision to the Commission. Rosa asserted she was the most qualified candidate for the position based on her prior experience, satisfactory employment evaluations,[1] and lack of disciplinary record.

On September 23, 2019, the Commission sent a letter to Rosa and the County acknowledging receipt of Rosa's appeal. The Commission directed the County to submit a statement of reasons for bypassing Rosa along with "all supporting documentation within [twenty] calendar days of receipt of this letter." The Commission advised Rosa she would have twenty days to respond.

The County filed its statement of reasons for the bypass on October 9, 2019. The County stated:

> The eligible list included [five] individuals who were all interviewed and considered for the promotional positions. Four of the [five] individuals were promoted to the position of Human Services Specialist [2, Bilingual Spanish/English]. The rationale for not promoting . . . Rosa are [sic] as follows:

---

[1] Rosa submitted copies of her resume and some of her recent evaluations to the Commission.

A-0901-20

1	. . . Rosa's error rate for eligibility determination accuracy was vastly inferior to the candidates who were selected.

2.	. . . Rosa's quantity of work was vastly inferior to the candidates who were selected.

3.	Critical errors have been discovered by State Agencies regarding . . . Rosa's work.

4.	. . . Rosa's organizational skills are rated below minimum standards.

5.	. . . Rosa's basic knowledge regarding various programs are determined to be below standards.

6.	. . . Rosa has been found to not follow quality control protocols within the department.

7.	The other candidates have demonstrated the ability to accurately complete determinations for [the Supplemental Nutrition Assistance program (SNAP)] and [the Temporary Assistance for Needy Families program (TANF)] to the degree they do not require a second party review upon approval of benefits.  . . .  Rosa has not demonstrated that ability.

The County also supplied a copy of a counseling letter it sent to Rosa on September 11, 2019; notes concerning Rosa's interview;[2] Rosa's monthly error

---

[2] The notes for Rosa's interview were on a grid which also contained notes for three of the four successful candidates.

A-0901-20

rate notes; two emails concerning Rosa's error rates, and "several Workers Work Load & Error Report[s] from 2019."

Significantly, Rosa did not respond to the County's statement of reasons. Thus, she did not refute any of the reasons the County listed in its October 9, 2019 letter and did not address the County's documentation.

On October 23, 2020, the Commission denied Rosa's appeal. In its written decision, the Commission stated:

> While [Rosa] has argued that she met all the requirements for promotion and that she is more qualified than the appointed candidates, the [County] has argued otherwise. It indicates that [Rosa] was bypassed because of several deficiencies in her work and the ability of the selected candidates to perform certain work without the need for second party review. The [County] provided supporting documentation in support of its determination. However, [Rosa] has not rebutted the [County's] assertions.

The Commission continued:

> [Rosa] has not presented any substantive evidence regarding her bypass that would lead the Commission to conclude that the bypass was improper or an abuse of the [County's] discretion under the "Rule of Three." Moreover, the [County] presented legitimate reasons for [Rosa's] bypass that have not been persuasively refuted. Accordingly, a thorough review of the record indicates that the [County's] bypass of [Rosa's] name on the Human Service Specialist 2, Bilingual Spanish/English . . . , Cumberland County eligible list

was proper and [Rosa] has failed to meet her burden of proof in this matter.

This appeal followed.

An appellate court has "a limited role" in the review of administrative agency decisions. Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980). We will not upset a determination by the Commission unless it is arbitrary, capricious, or unreasonable or it lacks fair support in the record as a whole. Id. at 579-80. A strong presumption of reasonableness attaches to the Commission's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001), as we "defer to an agency's expertise and superior knowledge of a particular field." Outland v. Bd. of Trs. of the Tchrs.' Pension & Annuity Fund, 326 N.J. Super. 395, 400 (App. Div. 1999).

In determining if an agency's decision is arbitrary, capricious, or unreasonable, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

6

We "may not substitute [our] own judgment for the agency's even though [we] might have reached a different result." Id. at 483 (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). We are not, however, "bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Richardson v. Bd. of Trs., 192 N.J. 189, 196 (2007) (quoting In re Taylor, 158 N.J. 644, 658 (1999)).

The Rule of Three affords an appointing authority flexibility in selecting a candidate for employment or promotion, within the context of a competitive civil service system. See Foglio, 207 N.J. at 45-46. "When an appointing authority requests a list of candidates for a vacant position, the Commission will issue a certification 'containing the names and addresses of the eligibles with the highest rankings on the appropriate list.'" Id. at 44 (quoting N.J.A.C. 4A:4-2(a)). The regulations require a final list of three interested eligible candidates for each permanent position. N.J.A.C. 4A:4-4.2(c)(2). As long as the list is valid, the appointing authority must fill its position from a candidate on that list. Foglio, 207 N.J. at 44.

However, the appointing authority need not select the highest ranked candidate of the three. Id. at 46. The objectives of the Rule are twofold: (1) the Rule ensures "appointments based on merit as determined by competitive

7

examinations"; while (2) affording the employer "some discretion to accommodate other merit criteria." Ibid. (quoting In re Martinez, 403 N.J. Super. 58, 72 (App. Div. 2008)).

The discretion of appointing authorities may not be "exercised in a way inconsistent with 'merit' considerations." Ibid. (quoting Terry v. Mercer Cnty. Bd. of Chosen Freeholders, 86 N.J. 141, 149-50 (1981)). The Court noted that Civil Service regulations long required an appointing authority to provide a statement of reasons for choosing to bypass a higher-ranked candidate. Id. at 46-47. At the time Foglio was decided, N.J.A.C. 4A:4-4.8(b)(4) expressly required a "statement of the reasons why the appointee was selected instead of a higher ranked eligible." Id. at 46.[3] "The purpose of that regulation is to guard against favoritism and arbitrary actions by an appointing authority and facilitate[] administrative review . . . ." Ibid. (alteration in original) (internal quotation marks omitted). In other words, the statement helps assure that the appointing authority's decision "did not violate merit and fitness principles[,]" which lie at the heart of the competitive civil service system. Id. at 41.

---

[3] The Commission repealed N.J.A.C. 4A:4-4.8(b)(4) effective May 7, 2012. See 44 N.J.R. 137(a) (Jan. 17, 2012); 44 N.J.R. 1333(b) (May 7, 2012).

An aggrieved applicant generally bears the burden to establish that the appointing authority's decision is arbitrary or capricious. Id. at 47 (citing N.J.A.C. 4A:2-1.4(c)). However, where an appointing authority fails to provide a meaningful statement of reasons for bypassing a higher-ranked candidate, the burden rests on the appointing authority to justify its actions. Id. at 49 ("In the absence of such reasons, the appointment is presumably in violation of the principles of merit and fitness, and it is the [appointing authority] that bears the burden of justifying its action.").

The Court indicated that the statement of reasons is grounded in the constitutional provision governing competitive civil service:

> Our Constitution requires all appointment or promotion decisions be "merit and fitness" based, "as far as practicable" on competitive examination. The competitive examination is the favored model because it provides an objective measure of the candidates' abilities. Where an appointing body chooses to bypass a candidate that ranked higher on a test, that decision is facially inconsistent with merit and fitness principles unless the appointing authority provides a statement of "legitimate" reasons for the bypass. Without those reasons, the [Civil Service Commission] can have no certainty that the appointment process was not exercised arbitrarily and would have no basis for review.
>
> [Id. at 48 (citations omitted).]

9

The statement of reasons must provide some insight into the appointing authority's bypass decision. Id. at 48-49. Reasons may include preference for "a college degree; or the performance of the applicants in the give-and-take of an interview; or on extraordinary character and employment references." Id. at 49. "The possibilities are endless." Ibid. The Court has required that the statement not be "conclusory" or "unrevealing." Ibid.

In Foglio, the appointing authority explained in its statement of reasons that it bypassed the appellant, the higher-ranked candidate, because the two lower-ranked candidates "best [met the] needs of [the Fire] Department." Id. at 42. The Court dismissed the appointing authority's reason as "boilerplate" and "equally applicable to any bypass case." Id. at 41. Noting what it deemed an "utter[] lack[] in specific explanatory language," the Court found the statement of reasons insufficient. Ibid.

Here, the County provided the Commission with a detailed and comprehensive explanation for its decision. It stated and documented that Rosa made errors in her work, lacked knowledge "regarding various programs," did "not follow quality control protocols within the department," and needed a second party to review her assignments.

A-0901-20

These are, concededly, subjective and predictive judgments. However, they relate to the County's assessment of the candidates' compatibility with managerial objectives. Such factors are difficult to measure in a competitive examination. Under these circumstances, we are satisfied the County's statement of reasons amply demonstrates it did not make its decision for discriminatory or invalid reasons. Indeed, Rosa did not refute, or even respond to, the County's statement of reasons.[4] Therefore, we will not disturb the Commission's determination that the County's statement of reasons to bypass Rosa was sufficient.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] The County also explained that the successful candidates performed better than Rosa during their interviews and in their current positions. Rosa argues the County should have provided additional documentation supporting this portion of its explanation. However, the Court in Foglio made clear that a detailed statement of reasons, like the one the County submitted here, was all that was required. Foglio, 207 N.J. at 49. Moreover, there is no statutory or regulatory support for the proposition that an appointing authority must provide an unsuccessful candidate with the personnel records of the other applicants. See N.J.A.C. 4A:1-2.2(b) ("Individual personnel records, [subject to certain exceptions not applicable here], are not public records and shall not be released other than to the subject employee, an authorized representative of the employee, or governmental representatives in connection with their official duties.").

A-0901-20